618     APPELLATE COURTS OF ILLINOIS.

Groffinger v. Metropolitan Life Ins. Co., 183 Ill. App. 618.

C. H. BURTON and M. U. HAYDEN, for appellant.

GEERS & GEERS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

MINES AND MINERALS, § 176*—*when evidence insufficient to show wilful negligence.* In an action for personal injuries sustained by plaintiff while working in defendant's mine, alleged to have been caused by the wilful failure of defendant to mark the dangerous condition of the mine, evidence *held* insufficient to show such a dangerous condition of the mine as would render defendant liable for wilful negligence.

---

### Josef Groffinger, Appellee, v. The Metropolitan Life Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913. Rehearing denied October 28, 1913.

### Statement of the Case.

Action by Josef Groffinger against the Metropolitan Life Insurance Company, a corporation, to recover as beneficiary on a policy of life insurance issued by defendant to Erzsebet Groffinger. From a judgment in favor of plaintiff for six hundred and twenty dollars, defendant appeals.

WILLIAM P. LAUNTZ, for appellant.

N. C. LYRLA, for appellee.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Mr. Justice Thompson delivered the opinion of the court.

## Abstract of the Decision.

1. Insurance, § 663*—*sufficiency of evidence to defeat policy for false statements in application.* In order to defeat recovery on a policy for false representations made in the application, the evidence must show that the representations were material, and known to be false by the insured and were made to deceive the company, and such questions are to be determined by the jury.

2. Insurance, § 336*—*when false answers inserted in application will not avoid policy.* False answers concerning physical condition of applicant written in application by the agent when applicant indicates to the agent that she suffered with pains over the heart, *held* not to avoid policy.

3. Insurance, § 366*—*when company cannot claim policy to be void ab initio.* Insurance company cannot claim that false answers in the application rendered the policy void *ab initio* where it has failed to return or has not offered to return the premiums paid.

---

## Sarah Thompson, Administratrix, Plaintiff in Error, v. Kinloch Long Distance Telephone Company of Missouri, Defendant in Error.

1. Roads and bridges, § 196*—*when instruction on liability of telephone company for placing poles in road not improper.* In an action by an administrator to recover damages for the death of deceased, alleged to have been caused by the negligence of defendant in placing a telephone pole in the road so that a cart in which deceased was riding came in contact therewith and deceased was thrown out and killed, an instruction to the effect that it is immaterial whether the pole was placed in the road with the consent of the highway commissioners or other public authorities, *held* proper where plaintiff's declaration does not allege the road is a public highway.

2. Roads and bridges, § 2*—*public and private roads.* A private roadway, although used by the public, is not necessarily a public road in contemplation of the statute.

3. Roads and bridges, § 196*—*when declaration does not allege road is a public road.* Allegation that a road is used by the public