## Maurice McKinney, Defendant in Error, v. Metropolitan Life Insurance Company, Plaintiff in Error.

### Gen. No. 20,520.

1. INSURANCE, § 232*—*when error to direct verdict for plaintiff in action on life policy.* In an action by the husband of a deceased policy holder to recover on the policy, where the defense is fraudulent representation by the deceased as to her health and history and a breach of a condition in the policy rendering it void if the insured had been attended before its date by a physician for any serious disease or had had before the date of the policy any pulmonary disease, and defendant introduces evidence tending to show that a year before the date the deceased had been suffering from tuberculosis and that she continued to suffer therefrom until she died, it is error to direct a verdict for plaintiff, even though he testifies that he made a demand upon defendant for the amount of the policy, but payment was refused and he had never been paid anything by defendant.

2. INSURANCE, § 363*—*when husband or beneficiary not entitled to premiums in action on life insurance policy.* In an action on a life insurance policy brought by the husband of deceased, the defense interposed to which is fraudulent representation by deceased as to her health and history and a breach of the condition of the policy as to the health of deceased before the date of the policy, the failure of defendant to tender the premiums to plaintiff does not estop defendant from questioning their validity, the title to the premiums not being in plaintiff, either as husband or beneficiary, but in the personal representative of deceased.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed March 8, 1915.

HOYNE, O'CONNOR & IRWIN, for plaintiff in error; CARL J. APPELL, of counsel.

COONEY & VERHOEVEN, for defendant in error; WILLIAM FEATHER, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is a suit brought by the husband of Sadie Mc-Kinney, now deceased, on two policies on her life issued by the defendant. Under a peremptory instruction a verdict was returned and judgment entered against defendant for $321. The policies were dated September 11, 1911 and November 20, 1911, respectively, and each contained the following provision:

"Unless otherwise stated in the blank space below in a waiver signed by the Secretary, this policy is void if the insured before its date has been rejected for insurance by this or any other company, or has been attended by a physician for any serious disease or complaint; or has had before said date any pulmonary disease, or chronic bronchitis, or cancer, or disease of the heart, liver, or kidneys."

The defense interposed by the Company was, fraudulent representation by the deceased concerning her health and history, and breach of the above condition in the policies. To support this defense physicians gave testimony tending to show that the year before the issuance of the policies Sadie McKinney had been suffering from tuberculosis and that she continued to suffer therefrom until she died in May, 1912, in consequence of this disease.

Plaintiff testified that after the death of the deceased he made a demand upon the Company for the amount of the policies but that payment was refused, and that the Company never paid him anything. The court thereupon struck out all the evidence for the defendant and peremptorily instructed the jury to find the issues for the plaintiff.

We hold that in so doing the court was in error and that the case should have been submitted to the jury. Apparently the court was of the opinion that as the evidence failed to show that the defendant had tendered to the plaintiff the amount of premiums paid on the policies, it was estopped from questioning their validity. This is a misapprehension as to the law. The plaintiff, either as husband or beneficiary, was not entitled to the premiums; the title to them was in the

personal representative of the deceased. *Heubner v. Metropolitan Life Ins. Co.*, 146 Ill. App. 282; *U. S. Life Ins. Co. v. Ludwig*, 103 Ill. 305; *Massachusetts Mut. Life Ins. Co. v. Robinson*, 98 Ill. 324; *Wright v. Vermont Life Ins. Co.*, 164 Mass. 302; *Bailey v. New England Mut. Life Ins. Co.*, 114 Mass. 177. A large number of cases has been cited touching the question as to whether there must be a return of premiums as a condition precedent to defending against the validity of a policy void *ab initio*. We do not feel called upon to express an opinion on this point, as it is not directly involved in or necessary to a decision in this case, and for the further reason that the defendant, according to statements of its counsel in its briefs, does not claim the premiums in this case and is ready to return them to the person authorized to receive them.

The defendant should have been permitted to make its defense, and the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*