Falberg v. Continental Casualty Co., 195 Ill. App. 237.

# Hattie Falberg, Defendant in Error, v. Continental Casualty Company, Plaintiff in Error

## Gen. No. 20,407.

1. INSURANCE, § 205*—*when misrepresentation in application as to name of applicant invalidates contract.* A false statement in an application for life insurance as to the applicant's name invalidates the contract of insurance.

2. INSURANCE, § 821*—*when misrepresentation in application as to relationship of beneficiary invalidates contract.* Where an applicant for insurance states in his application that the beneficiary is his "wife," whereas she is not his wife, but a woman with whom he is sustaining illicit relations, the misrepresentation invalidates the contract of insurance.

3. INSURANCE, § 365*—*when tender of return of premiums not essential.* In an action by the beneficiary of a policy of life insurance against the insurer, the latter is not required to return the premiums to the beneficiary or the wife of the insured as a condition to setting up misrepresentations in the application for insurance as a defense, the title to the premiums being in the personal representative of the insured.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1914. Reversed. Opinion filed November 1, 1915.

MARTIN P. CORNELIUS and GEORGE R. SANDERSON, for plaintiff in error; MANTON MAVERICK, of counsel.

ADAMS, CREWS, BOBB & WESCOTT, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is a suit on an accident insurance policy. On the trial the court instructed the jury to find the issues for the plaintiff and to assess the damages at $1,000. Judgment was entered on the verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The application for insurance is in part as follows:
"I hereby apply for insurance in the Continental Casualty Company based upon the following statements, and I agree that any failure on the part of myself, my heirs, legal representatives or beneficiary to comply with the provisions, conditions and agreements of this Application, or of any policy issued hereon, shall work a forfeiture of the policy and all claims thereunder. *  *  *

"1.   Name, Henry Falberg.   *  *  *

"6.   Beneficiary to take interest under the policy only at death of applicant. (Give full Christian name, relationship and residence.) Name, Hattie.......... Relationship, wife."

"I understand and agree that I have made each of the above statements as a material representation to induce the issue of a policy for which I have made this application, and to that end I warrant each of them to be full, complete and true, and declare that no statement contradictory thereto was made by me to the agent of said company, and that all statements made to him are embodied herein.   *  *  *

"In Witness Whereof, I have hereunto set my hand this 6th day of September, 1911.

"(Signed)                    Henry Falberg, Applicant.
                    "L. B. Halsted, Witness."

The defense is misrepresentation by the insured in that (1) his name was not Henry Falberg, but that it was in fact Knut Lindblom, and (2) that Hattie Falberg was not his wife. The evidence sufficiently supported these defenses. It was proved that prior to the making of the application the insured, whose real name was Knut Lindblom, had deserted his lawful wife, Mary Lindblom. Mrs. Lindblom testified that there had never been a divorce, and her statement was corroborated by other evidence. The fact that plaintiff sustained illicit relations with the insured did not make her his wife, and the claim that the representation meant merely that she sustained the "relation of wife" to insured, and hence was true, is not convinc-

ing.    The plain meaning of the language used in the application is that the beneficiary was in fact and in law the wife of the insured. *Duenser v. Royal Arcanum,* 262 Ill. 475.

Whether considered as warranties or as representations, the statements as to applicant's name and as to the relationship of the beneficiary are so material that falsity therein invalidates the contract of insurance. The necessity to an insurance company of true information as to the identity of the party to be insured and the identity and relationship of the beneficiary is too obvious to require argument.    Cases precisely in point are *Continental Casualty Co. v. Lindsay,* 111 Va. 389, and *Gaines v. Fidelity & Casualty Co.,* 188 N. Y. 411.    In the latter case the court in its opinion said: "The insurer was entitled to know the actual relationship, which the person, for whom the assured desired the benefit of the insurance contract, sustained to him; for it bore upon the risk which it was to assume."

The court instructed the jury that the defendant could not make these defenses because it had not paid back either to the wife or to the plaintiff, or to some other person, the premiums it had received.    In the recent case of *McKinney v. Metropolitan Life Ins. Co.,* 191 Ill. App. 592, citing many cases, we have held that neither the husband, wife nor beneficiary was entitled to the return of premiums, but that the title to them was in the personal representative of the deceased. The trial court was in error in its instruction as to the law.    No such representative is a party to this litigation.    Plaintiff has no right to the premiums, and cannot complain because they have not been returned to someone else.    We note in the brief for the defendant that it offers to return these premiums "upon demand to the proper qualified representative of the insured estate."

Because of these misrepresentations made by the insured in his application there can be no recovery on

this policy, and the judgment is reversed without remanding the cause.

*Reversed.*