Mr. Justice HUNT
 

 delivered the opinion of the court.
 

 The contention in opposition to the judgment is this: that the plea does not aver that the false statements made by the assured were material to the risk assumed. Is that averment necessary to make the plea a good one?
 

 It is contended, also, that the false answers in the present case were not to the injury of the company, that they presented the applicant’s case in a less favorable light to himself than if he had answered truly. Thus, to the inquiry are you married or single, when he falsely answered that he was single, he made himself a less eligible candidate for insurances than if he had truly stated that he was a married man; that although he deceived the company, and caused it to enter into a contract that it did not intend to make, it was deceived to its advantage, and made a more favorable bargain than was supposed.
 

 This is bad morality and bad law. No one may do evil that good may come. No man is justified in the utterance of a falsehood. It is an equal offence in morals, whether committed for his own benefit or that of another. The fallacy of this position as a legal proposition, will appear in what we shall presently say of the contract made between the parties.
 

 We are to observe, first, the averment of the plea: That Kennedy, in and by his application for the policy of insurance, in answer to a question asked of him by the company, whether-he was “
 
 married or single ?”
 
 made the false statement that he was
 
 “single,”
 
 knowing it to be untrue; that in reply to a further question therein asked of him.by the company, whether
 
 “any application had been made to any other company? If so, when?”
 
 answered
 
 “No;” xohereas, in fact, at the lime of making such false statement, he well knew that he had previously made application for such insurance, and been insured in the sum of
 
 $10,000
 
 by another company.
 

 
 *53
 
 We are to observe, secondly, the averment that the statements and declarations made in the application for said policy, and on the faith of which it is issued,
 
 are in all respects
 
 true, and without the suppression of any fact relating to the health or circumstances of the insured affecting the interests of the company.
 

 ■ We are to observe, also, that other clause of the policy, in which it is declared that this policy is made by the company aud accepted. by the insured, upon the express condition and agreement that such' statements and declarations are in all respects true. This applies to all and to each one of such statements. In other words, if the statements are not true, it is agreed that no policy is made by the company, and no policy is accepted by the insured.
 

 The proposition at the foundation of this point is this, that the statements aud declarations made in the policy shall be true.
 

 This stipulation is not expressed to be made as to important or material statements only, or to those supposed to be material, but as to all statements. The statements need not come up to the degree of warranties. They need not be representations even, if this term conveys an idea of an affirmation having any technical character. Statements and declarations is the expression; what the applicant states and what the applicant declares. Nothing can be more simple. If he makes any statement in the application it must be true. If he makes any declaration in the application it must be true. A faithful performance of this agreement is made an express condition to the existence of a liability on the part of the company.
 

 There is no place for the argument either that the false statement was not material to the risk, or that it was a positive advantage to the company to be deceived by it.
 

 It is the distinct agreement of the parties, that the company shall not be deceived to its injury or to its benefit. The right of an individual or a corporation to, make an unwise bargain is as complete as that to make a wise bargain. The right to make contracts carries with it the right tc de
 
 *54
 
 termine what is prudent and wise, what is unwise and imprudent, and upon that point the judgment of the individual is subject to that of no other tribunal.
 

 The case in hand affords a good illustration of this principle. The company deems it wise and prudent that the applicant should inform them truly whether he has made any other.application to have his life insured. So material does it deem this information, that it stipulates that its liability shall depend upon the truth of the answer. The same is true of its inquiry whether the party is married or single. The company fixes this estimate of its importance. The applicant agrees that it is thus important by accepting this test. It would be a violation of the legal rights of the company to take from it its acknowledged power, thus to make its opinion the standard of what is material, and to leave that point to the determination of a jury. The jury may say, as the counsel here argues, that it is immaterial whether the applicant answers truly if he answers one way, viz., that he is single, or that he has not made an application for insurance. Whether a question is material depends upon the question itself. The information received may be immaterial. But if under any circumstances it can produce a reply which will influence the action of the compauy, the question cannot be deemed immaterial. Insurance companies sometimes insist that individuals largely insured upon their lives, who are embarrassed in their affairs, resort .to self-destruction, being willing to end a wretched existence if they can thereby bestow comfort upon their families. The juror would be likely to repudiate such a theory, on the ground that nothing can compensate a man for the loss of his life. The juror may be right and the company may be wrong. But the company has expressly provided that their judgment, and not the judgment of the juror shall govern. Their right thus to contract, and the duty of the court to give effect to such contracts, cannot be denied.
 

 Of the authorities iu support of these views, a few only will be mentioned. In
 
 Andersen
 
 v. Fitzgerald,
 
 *
 
 Fitzgerald
 
 *55
 
 applied to an insurance office to effect a policy on his life. He received a form of proposal containing questions required to be answered. Among them were the following: “ Did any of the party’s near relatives die of consumption or any other pulmonary complaint?” and “ Has the party’s life been accepted or refused at any office?” To each of these questions the applicant answered “ No.” The answers were false. F. signed the proposal and a declaration accompanying, by which he.agreed “that the particulars above mentioned should form the basis of the contract.” The policy mentioned several things, which were warranted by F., among which these two answers were not included. The policy also contained this proviso: that “ if anything so warranted shall not be true, or if any circumstance material to this insurance shall not have been truly stated, or shall have been misrepresented or concealed, or any false statement made to the company in or about the obtaining or effecting of this insurance,” the policy should be void. On the trial before Mr. Justice Ball, he charged the jury “that they must not only be satisfied that the various false statements were false in fact, and were made in and about effecting the policy, but also that such false statements were material to the insurance.” A bill of exceptions was tendered, on the ground that the jury should have been directed “ that if the statements were made jn and about effecting the insurance and such statements were false in fact, the defendants were entitled to a verdict, whether such statements were or were not material.” The exceptions were argued in the Court of Exchequer, where judgment was ordered for the plaintiff' on the verdict. A writ of error was brought in the Court of Exchequer Chamber, where the judgment was affirmed by a majority of seven to three. The writ of error to the House of Lords was then brought. Mr. Baron Parke, Mr. Baron Alderson, Mr. Justice Coléridge, Mr. Justice Wight-man, Mr. Justice Erie, Mr. Justice Creswell, Mr. Baron Platt, Mr. Justice Talfourd, Mr. Justice Williams, Mr. Ba.ron Martin, and Mr. Justice Crompton attended.
 

 Opinions were delivered by Mr. Baron Parke, the Lord
 
 *56
 
 Chancellor, Lord Brougham, and Lord St. Leonards, all concurring in reversing the judgment, on the ground that the question of the materiality of the statements should not have been submitted to the jury. This case was decided upon facts almost identical with the one before us, and presented the precise question we are considering. The counsel for the defendants asked for a ruling, that if the statements were untrue, the defendants were entitled to a verdict, whether they were or were not material. This was refused, and the judge charged that to entitle the defendants to a verdict, the statements must not only be false, but material to the insurance. This was held to be error, and the judgment was reversed.
 

 •
 
 Cazenove
 
 v.
 
 British Equitable Assurance Company
 

 *
 

 is a familiar ease, and was decided in the same way. This case was affirmed in the Exchequer Chamber, in 1860.
 
 †
 

 Many cases may be found which hold, that where false answers are made to inquiries which do not relate to the risk, the policy is not necessarily avoided unless they influenced the mind of the company, and that whether they are material is for the determination of the jury. But we know of no respectable authority which so holds, where it is expressly covenanted as a condition of liability that the statements and declarations made in the application are true, and when the truth of such statements forms the basis of the contract.
 

 The counsel for the insured .insists that policies of insurance are hedged about with so many qualifications and conditions, that questions are propounded with so much ingenuity and in such detail, that they operate as a snare, and that justice is sacrificed to forms. We are not called upon to deny this statement. The present, however, is not such a case. The want of honesty was on the part of the applicant. The attempt was to deceive the company. It is a
 
 *57
 
 case, so far as we can discover, in which law áud justice point to the same result, to wit, the exemption of the company.
 

 Judgment affirmed.
 

 Justices CLIFFORD and MILLER dissenting.
 

 *
 

 4 House of Lords Cases, 483, 487.
 

 *
 

 6 Common Bench, N. S. 437; and see Duckett
 
 v.
 
 Williams, 2 Crompton & Meeson, 348.
 

 †
 

 6 Jurist, new series, 826, 1860; see also Price
 
 v.
 
 Phoenix Insurance Co., 17 Minnesota, 497.