By the Court.— Sanford, J.
J.— By the express terms of the policy of life insurance upon which this action is brought, the “application” therefor constitutes an essential element in the contract between the parties. The application provides that the declarations and proposals therein expressed shall be the basis of the contract; and the policy recites the declarations, representations and covenants of the application, as the consideration for the promises which it contains. The covenants in the application are, by the express language of the policy, made binding upon the parties, and the policy is, on its face, issued and accepted upon condition that the statements and declarations of the application are, in all ’ respects, true. The two papers are concurrent in date and tenor : they relate to the same subject matter; each has express reference to the other; both are essential to a complete understanding of the purpose and intent which the parties had in view. Under these circumstances, the two instruments are to be regarded as one, and the same construction is to be given to their various provisions, as if they had been all embraced within the scope of a single document subscribed by both the parties. But there is no substantial discrepancy in the language of the two .instruments. By the terms of each, the validity of the contract of insurance is made to depend expressly upon the substantial truth of certain statements. The application provides that, if any fraudulent or untrue allegation be contained therein, the policy shall be void.
The policy specifies, as one of the conditions upon which it is made and accepted, that the statements and declarations of the application are, in all respects, true. It also provides, that an infringement of any of its *414 conditions shall render it null, void and of no effect. Such being the agreement between the parties, there would seem to be no room for discussion as to the materiality of the statements which form the basis of the contract, or as to whether or not they were made in good faith, or with intent to deceive. By making certain statements the basis of their contract, and declaring that its. validity shall depend upon the truth thereof, the parties stipulate that, for the purposes of the contract, such statements shall be material and that their truth shall be an essential prerequisite to liability thereon, irrespective of the motives or intentions of the party insured. When the validity of the contract of insurance depends, by its terms, upon the truth of a statement, it is wholly unimportant whether the statement is material to the risk or not; and the question whether th'e party making it erred innocently or otherwise, is not to be considered. This position was, in effect, conceded upon the argument; but it was urged that the peculiar language of this policy, with respect to the suppression of material facts affecting the interests of the company, operated to qualify and restrict the provision by which the validity of the contract was made conditional upon the truth of the express statements contained in the application. It is true that the policy provides not only that the positive statements and representations of the insured shall be, in all respects true,—but also that there shall be no suppression of facts relating to the health or circumstances of the. assured and affecting the interests of the company. The condition is, that such statements are in all respects true, without the suppression of material facts not specifically inquired about. In order to vitiate the policy, a sivppressio veri in regard to a matter not specifically inquired about, must be material and affect the risk ; but it by no means follows that a suggestio falsi, involved in a *415 positive declaration made in response to a specific inquiry, must in like manner be of like character, in order to produce the like result. The contract is otherwise. The two provisions are distinct. That with respect to a suppression is intended to be cumulative rather than restrictive. It was inserted ex abundanti cautela, and in order to provide for a case, not previously reached or covered. There might well be a sup-' pression of facts affecting the risk, notwithstanding the literal truth of every response to the several inquiries addressed to the applicant. It was, therefore, important to provide that a suppression of material facts, not specifically inquired about, should work the same results as express statements nob in all respects true. Hence the condition is to be interpreted not only as forbidding all falsehood, but as exacting the disclosure of truth, in so far as such disclosure may be material.
The supplemental clause enlarges, rather than impairs, the obligations intended to be imposed, and probes the conscience of the applicant by enjoining an honest frankness as well as by prohibiting mendacity.
It was urged that no case could be found in which a policy containing this qualification had been construed as importing a warranty of the truth of representations therein contained irrespective of the question of their materiality and good faith. But, it was said in Jeffries v. Life Ins. Co. (22 Wall. 47), that where the stipulation is not expressed to be made as to important or material statements only, the statements need not come up to the degree of warranties; that they need not be representations even, if the idea of an affirmation having any technical character is conveyed by that term. The whole question depends upon the agreement of the parties. And where they have distinctly agreed, their contracts must be performed and enforced. In the case last cited, the language of *416 the policy was precisely identical with that now under consideration, and while it was observed that many cases might be found which held that false answers to inquiries not relating to the risk would not necessarily avoid the policy, unless they influenced the mind of the' company, and that them materiality was a question for the jury, yet the court said, “ we know of no respectable authority which so holds, where it' is expressly covenanted as a condition of liability 'that the statements and declarations made in the application are true, and when the truth of such statements forms the basis of the contract.” The same principle was recognized and afiirmed in Fitch v. American Popular Life Ins. Co. (59 N. Y. 566), although in that case the policy was construed to import no more than an assurance that the 'statements in • question were made honestly and in good faith, and were believed by the applicant to be correct and true. Stress was laid upon peculiar language tending to show that the true construction of the papers was that the policy should be void only in case of intentional and fraudulent misrepresentation or suppression of facts by the applicant, and particularly upon the terms of a printed “notice to policy holders,” attached to the policy, which stated in terms that “ payment would he contested only in case of fraud.” The more recent case of Foot v. Ætna Life Ins. Co. (61 N. Y. 571), holds that statements, which in terms are declared to be “ part and parcel of a policy,” are warranties, and must be substantially true, of the policy will be void. That where the validity .of the policy is made to depend upon the truth, as well as upon the honesty and good faith of such statements, either falsity or fraud will vitiate it, and that it is not essential to this result that both these elements should concur; or, in case of an untrue statement, that it should be knowingly or intentionally, and mala fide, made.
This authoritative exposition shows that the charge *417 of the judge, and Ms refusals to charge as requested, were erroneous, and require the reversal of the judgment and order appealed from.
They are reversed accordingly, and a new trial is granted, with costs to appellants, to abide the event.
Freedman, J., concurred.
Curtis, Ch. J.
If persons make the payments of policies upon their lives conditioned on the correctness of their answers as to whether they have at any time had one or more of a long catalogue of diseases, and which it is oftentimes impossible in the nature of things for any one to answer correctly, they must be bound by it. The courts cannot set aside the conditions of this class of contracts when persons choose inconsiderately or ignorantly to enter into them and agree to make them obligatory.
It is a hardship for parties to pay for years, money from their earnings to secure a provision for their families, which may not only be defeated, but also absorb in a fruitless suit what little else they leave, in case the insurance company outlasts the insured, and can show that he has had at any period of Ms life some illness, the name of which he never knew, or has forgotten, and has thus inadvertently erred in an answer to one of the numerous questions contained in the application.
In the present case, the insured appears to have been an industrious German barber, whose wife insured Ms life for $1,500. The defendant claims that there was a breach of warranty in the contract by Ms having incorrectly stated in the application that he had not had rheumatism. A German physician testified that some thirteen years previous to this application for insurance, he had treated him for rheumatism. TMs testimony is not very satisfactory and is unsustained *418 by any books or memoranda, while it is controverted by his wife, the plaintiff, who had been married to and lived with him for twenty-one years, by his son, and by another witness. It was sufficient, however, to raise a question of fact for the jury, and they could very properly have found upon it in the defendant’s favor.
The judge charged, in substance, that this defense would be avoided, if the jury found that at the time of making the application the insured did not remember that he had had the rheumatism, or made the answer in good faith. This instruction to the jury is at variance with the doctrine recently held in the similar case of Foot v. Ætna Life Ins. Co. (61 N. Y. 577), and as it is, perhaps, possible that the jury may have been misled by this language of the judge, I must concur in the reversal of the judgment and order appealed from, and the granting of a new trial.