## MISSOURI STATE LIFE INS. CO. v. GUESS.

(Circuit Court of Appeals, Fourth Circuit. January 27, 1927.)

No. 2536.

1. **Cancellation of instruments** ⟐⟐47—**Fraud must be clear to warrant cancellation of life policy.**

To warrant cancellation of a life policy for fraud, the evidence of fraud must be clear, unequivocal, and convincing.

2. **Insurance** ⟐⟐365(1)—**Life policy held not subject to cancellation for fraud because of statement made in application for reinstatement after lapse.**

After a life policy had been in force for eight years, insured made application for its cancellation and issuance of a new policy, on the ground that through mistake his age had been overstated in the application, and the change was duly made. Subsequently the new policy lapsed for nonpayment of a quarterly premium, and the printed application for its reinstatement, which insured signed, contained the statement: "Since the date of my application for the said policy I have had no injury, ailment, or disease; * * * neither have I consulted a physician." *Held,* that such statement referred to the application for the current policy, or at least was ambiguous, and might reasonably have been so understood by insured, and that the policy was not subject to cancellation for fraud after his death, because of the fact that he had suffered an illness and employed physicians while the first policy was in force, but before his application for the second policy.

3. **Insurance** ⟐⟐146(3)—**Ambiguities in policy or attached papers will be construed against insurer.**

Ambiguities in a policy or papers attached thereto, which are prepared by the company, will be resolved against the company.

McClintic, District Judge, dissenting.

Appeal from the District Court of the United States for the Eastern District of South Carolina, at Aiken; Ernest F. Cochran, Judge.

Suit in equity by the Missouri State Life Insurance Company against Louise Guess. Decree for defendant, and complainant appeals. Affirmed.

James M. Hull, Jr., of Augusta, Ga. (Hull, Barrett & Willingham, of Augusta, Ga., and Middleton & Middleton, of Charleston, S. C., on the brief), for appellant.

E. H. Callaway, of Augusta, Ga., and P. F. Henderson, of Aiken, S. C. (Callaway & Howard, of Augusta, Ga., and Hendersons & Salley, of Aiken, S. C., on the brief), for appellee.

Before ROSE and PARKER, Circuit Judges, and McCLINTIC, District Judge.

PARKER, Circuit Judge. This was a suit to cancel a policy of life insurance on the ground of fraud. On February 1, 1915, the company issued its policy No. 97204 on the life of insured, providing for the payment of an annual premium of $313.90. In 1923 it was discovered that the age of insured had been erroneously stated as 37 years, instead of 35 years, in the application, and thereupon the original policy was canceled, and a new policy, numbered 453246, was issued in lieu thereof. In applying for this change of policy, insured, on the 20th day of August, 1923, signed a written instrument entitled "Release and Request for Change of Policy," containing, among others, the following provisions:

"I hereby surrender to the Missouri State Life Insurance Company all my right, claim, and interest in policy No. 97204. * * *

"I hereby request the said Missouri State Life Insurance Company to cancel said policy, and to issue in lieu thereof a new policy of insurance on my life on the same plan, for the same amount, and bearing the same date as policy No. 97204, but at age 35, instead of age 37. * * *"

Pursuant to this request, the company, on August 28, 1923, canceled the original policy and issued policy No. 453246 as of the same date and in the same amount as the original policy, but providing for an annual premium of $300. Attached to this policy was a copy of the application for the original policy, and also a copy of the paper entitled "Release and Request for Change of Policy" above mentioned.

The quarterly premium due February 1, 1924, was not paid within the days of grace allowed, and the policy lapsed on that account. On July 1, 1924, after repeated solicitations by agents of the company, insured made written application for reinstatement of the policy and tendered the overdue premiums, and on August 2d it was duly reinstated. This application was on a printed form of the company, and was entitled "Application for Reinstatement of Policy. Policy No. 453,-246. Premium $300. Due Date of Premium 2—1—24." It contained the following provisions:

"I hereby make application for the reinstatement of the above indicated policy, issued by the Missouri State Life Insurance Company, which lapsed by reason of the nonpayment of the premium indicated.

"I hereby certify that I am now in good health, and that since the date of my application for the said policy I have not changed my occupation and have had no injury, ailment, or disease, nor symptoms of such. Neither have I consulted a physician, except as noted below, in the space provided for that purpose.

"I hereby ratify and confirm all the statements made in the application upon which said policy was issued, except such as are modified by warranties herein contained, and hereby make this application a part of the said contract of insurance. * * *

"It is further agreed that, if any statements or warranties herein contained shall prove to be incomplete or untrue, then the reinstatement of said policy, if granted upon this application, shall be ipso facto null and void. * * *"

No exceptions were noted, showing ailment or disease or consultation with a physician. The evidence showed that in the year 1921, which, it will be noted, was subsequent to the original application, but prior to the surrender of policy and request for change of 1923, insured suffered from a serious disease, and consulted physicians with regard thereto, and received treatment therefor. It is admitted that the company did not learn of the disease until after the death of insured in May, 1925.

The contention of the company is that the failure of insured, when making application for reinstatement, to disclose the fact that he had had this disease and had been treated therefor, was such a fraud on the company as warranted the cancellation of the policy. The contention of defendant is that the date of application for the policy referred to in the application for reinstatement is the date of the release and request for change upon which the policy in suit was issued, and that, even if this be not the correct interpretation of the application for reinstatement, there is sufficient ambiguity therein to negative the theory that insured was guilty of fraud in failing to disclose illness which occurred prior to the surrender of the original policy and the application for the policy in suit. As bearing upon this last contention, it was shown that insured, in applying to the company for another policy in the year 1923, stated that he had had influenza in the year 1919, which fact he did not state in the application for reinstatement; the argument being that the omission shows that insured thought the statements in the application for reinstatement referred to illness since applying for the reissued policy in 1923, and not to illness since the original application of 1915; otherwise, he would not have omitted to mention a fact which he did mention in the application for the other policy made in 1923.

The learned trial judge denied the relief prayed by complainant, and we think that he was correct in so doing. There is no doubt, of course, that representations of the sort contained in the application for reinstatement are material to the risk, and that, if false to the knowledge of applicant, they avoid the policy and warrant its cancellation. Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613, 36 S. Ct. 676, 60 L. Ed. 1202; Keeton v. Jefferson Standard Life Ins. Co. (C. C. A. 4th) 5 F.(2d) 183.

[1, 2] But, to warrant cancellation the evidence as to fraud must be "clear, unequivocal, and convincing." 32 C. J. 1269; Maxwell

Land Grant Case, 121 U. S. 325, 381, .7 S. Ct. 1015, 30 L. Ed. 949; U. S. v. San Jacinto Tin Co., 125 U. S. 273, 300, 8 S. Ct. 850, 31 L. Ed. 747; U. S. v. Budd, 144 U. S. 154, 161, 12 S. Ct. 575, 36 L. Ed. 384; Lalone v. U. S., 164 U. S. 255, 257, 17 S. Ct. 74, 41 L. Ed. 425; U. S. v. Bell Telephone Co., 167 U. S. 224, 241, 17 S. Ct. 809, 42 L. Ed. 144. And we do not think that the evidence in the case at bar meets this test. There is no question, of course, but that the representations were made, or that they were false to the knowledge of insured, if they were intended to relate to the period since the application for the original policy; but it is by no means clear that the representations do not refer to the application for the reissued policy in suit, and not to the original application, and there is strong reason to believe that they were so understood by the insured.

The application for reinstatement contains the policy number and amount of premium of the policy in suit, not that of the original policy. The insured states therein, "I hereby make application for the reinstatement of *the above-indicated* policy," and the certificate complained of is "that since the date of my application for *the said policy,* I have not changed my occupation," etc. Was insured not justified in taking this language literally, and in assuming that reference was had to the application for the particular policy which he was seeking to reinstate, and not to the application for the policy which he had previously surrendered? As was well said by the learned judge below:

"It is true that counsel, by taking all of the applications and policies and the process of reasoning, can reach the conclusion that the company would hardly have desired merely information of what had occurred since the substituted policy, and intended to require information of what had occurred since the original policy. But a layman, unfamiliar with insurance law, or with no insurance experience, would hardly have been able to reach that conclusion. The mind of a layman would certainly have been focused upon No. 453246 and the date of the application therefor, and not upon No. 97204."

[3] We agree with the trial judge also in his conclusion that the application for reinstatement is ambiguous. A copy of the application for the original policy, No. 97204, was attached to the policy in suit, No. 453246, as was also a copy of the "Release and Request for Change of Policy." Both were applications, but the latter was distinctly the application for the reissued policy. If the company desired the language of the application for reinstatement to refer to the application for the original policy, this could have been made clear by appropriate use of language to that effect. The ambiguity probably arose from using a form prepared for use in ordinary cases, where there had been no reissuance of the policy, instead of a form suitable to the case; but, however that may be, it is well settled that ambiguities in the policy or in the papers attached thereto, which are prepared by the company, will be resolved against the company. National Bank v. Insurance Co., 95 U. S. 673, 24 L. Ed. 563; Thompson v. Phenix Ins. Co., 136 U. S. 287, 10 S. Ct. 1019, 34 L. Ed. 408; Mutual Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102. And in view of this rule, and of the other rule, equally well settled, that forfeitures are not favored, we think that the court would clearly not be justified in holding that the representations of the application for reinstatement should be held to refer to the original application, and that insured was guilty of fraud in making them. That this is not a technical holding, but is in accord with the understanding of insured in making the representations, is shown by the fact that he made no reference in his application for reinstatement to the attack of influenza in 1919. It should be remembered that in applying to the same company for another policy in 1923, he stated that he had had influenza in 1919. If he had thought that the statement in his application for reinstatement had reference to the original application of 1915, it is hardly probable that he would have omitted all reference to this illness, of which he himself had previously furnished information to the company.

It is argued that insured was fraudulently attempting to obtain insurance to which he was not entitled, not only by this application for reinstatement, but also by the application for the policy (which was for $5,000) in 1923. If this be true, it is hard to understand why the insured should have allowed the $10,000 policy to lapse in 1924, and only have consented to renew it upon the repeated solicitations of the company's agents. But, whatever may have been the status of the 1923 policy if it had been attacked within the contestable period, we are not satisfied that any fraud was intended in connection with the application for reinstatement; but we think, on the contrary, that, in view of the ambiguity in that instrument, insured might well have understood that it had reference, not to the application for the original policy, but to the

instrument by which he surrendered that policy and made application for the policy in suit. The evidence relied on to establish fraud is not of that clear, unequivocal, or convincing character which justifies a court of equity in granting the relief prayed, and we think that the District Judge was correct in entering a decree for defendant, and same is accordingly affirmed.

Affirmed.

McCLINTIC, District Judge, dissenting.