**INTER–OCEAN INSURANCE COMPANY,**
**Appellant,**

v.

**James S. ROSS, Appellee.**

**No. 15919.**

Court of Civil Appeals of Texas.

Fort Worth.

June 6, 1958.

Rehearing Denied July 11, 1958.

Rosenfield, Berwald & Mittenthal, and Elihu E. Berwald, Dallas, for appellant.

McDonald & Anderson and ·C. C. McDonald, Wichita Falls, for appellee.

BOYD, Justice.

James S. Ross recovered judgment against Inter-Ocean Insurance Company for $270.05 hospital insurance, and for penalties, interest and attorney's fees. Appellant defended on the ground that the policy had been obtained by false representations in the application, as appellee represented that neither he nor any member of his family had any hospital insurance at the time, when, in

truth and in fact, appellee had a number of hospital insurance policies which provided for about $44 per day in benefits should he be confined in a hospital. Appellant pleaded that if truthful answers had been made to the questions in the application as to other insurance, it would not have issued the policy. Trial was to the court, and findings of fact and conclusions of law were made and filed.

The material parts of the application are as follows:

"I hereby apply to the Inter-Ocean Insurance Company, Cincinnati, Ohio, for a policy of insurance and for that purpose make the following statements. * * * 6. Do you, or any member, have hospital insurance? (If so, who and in what company and what amount) No. * * * In applying to the Inter-Ocean Insurance Company for this insurance I agree that it shall be based upon the above representation of facts. * * * (Signed) James S. Ross."

The application was attached to and made a part of the policy.

The court found that appellee's answer to the question as to whether he or any member of his family had hospital insurance was false, but that it was not material to the risk and did not actually contribute to the contingency or event which matured the claim; it was further found that prior to the making of the application, appellant's agent delivered to appellee literature explaining the advantages of its policy, which contained these words: "Pays in addition to Workmen's Compensation, group insurance and other insurance in force"; that a similar statement appeared in the receipt for the application and the first premium; and that if the representation were material, appellant "expressly waived the same in writing when on his receipt for the money he paid for his premium, the company agreed to pay the sums provided in said policy in addition to workmen's compensation insurance and other insurance." It

was concluded that the false representation did not void the policy.

Appellee concedes that he never pleaded or relied upon a waiver or estoppel and makes no contention with reference to appellant's Point 4 that in the absence of a plea of waiver or estoppel it was error to base a judgment for appellee on that theory.

■ The test of materiality is said to be whether knowledge of the true facts would have influenced a prudent insurer in determining whether to accept the risk, or in fixing the amount of premiums. 24–B Tex. Jur. p. 417, sec. 187; 45 C.J.S. Insurance § 595, subd. (3), p. 406; Aetna Life Ins. Co. v. King, Tex.Civ.App., 208 S.W. 348, writ refused. "If the applicant makes statements that are material, which are untrue, it will avoid the policy, unless the company knew that those identical statements were untrue." Franklin Life Ins. Co. v. Dossett, Tex.Civ.App., 265 S.W. 259, 262. Although this case was reversed by the Commission of Appeals on other grounds, the above statement of the law was expressly approved. Dossett v. Franklin Life Ins. Co., Tex. Com.App., 276 S.W. 1097. See, also, Fidelity Mutual Life Ins. Ass'n v. Harris, 94 Tex. 25, 57 S.W. 635; Indiana & Ohio Live Stock Ins. Co. v. Smith, Tex.Civ.App., 157 S.W. 755, writ refused.

■ The general rule seems to be that a statement in an application for insurance as to the existence of other insurance is material as a matter of law, and. if false, it voids the policy. Guinn v. Phoenix Ins. Co. of Brooklyn, Tex.Civ.App., 31 S.W. 566; Mutual Life Ins. Co. v. Ford, 61 Tex.Civ. App. 412, 130 S.W. 769, writ refused; 29 Am.Jur., p. 477, sec. 587. Also, a statement by an applicant as to prior applications or rejections is material as a matter of law, and if false, voids the policy regardless of the good faith of the applicant and regardless of whether the statement constitutes actual fraud. State Mutual Life Ins. Co. v. Rosenberry, Tex.Com.App., 213 S.W. 242; 29 Am.Jur., p. 475, sec. 586. It has been

held that a false statement in an application for accident insurance that applicant has never received indemnity for any accident or sickness, except on one occasion, is material to the risk and avoids the policy, notwithstanding a statute providing that such statements shall be regarded as representations and shall not avoid a policy unless material to the risk. Union Indemnity Co. v. Dodd, 4 Cir., 21 F.2d 709, 55 A.L.R. 735.

"And, on the other hand, it does not disprove that a fact may have been material to the risk because it had no actual subsequent relation to the manner in which the event insured against did occur." Penn Mutual Life Ins. Co. v. Mechanics' Savings Bank & Trust Co., 6 Cir., 72 F. 413, 429, 38 L.R.A. 33. See, also, Ohio Casualty Ins. Co. v. Stewart, Tex.Civ.App., 76 S.W.2d 873; Jeffries v. Economical Mutual Life Ins. Co., 22 Wall. 47, 89 U.S. 47, 22 L.Ed. 833; Keeton v. Jefferson Standard Life Ins. Co., 4 Cir., 5 F.2d 183; Missouri State Life Ins. Co. v. Guess, 4 Cir., 17 F.2d 450.

■ In Maniatis v. Texas Mut. Life Ins. Co., Tex.Civ.App., 90 S.W.2d 936, it was held that where the application states that representations were made for the purpose of obtaining the insurance, it is not necessary to prove that a false representation was intentionally made for the purpose of deceiving the insurer. To the same effect is Mutual Life Ins. Co. of New York v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L.Ed. 1202.

■ In view of the authorities cited, we think appellee's false representation was material to the risk, and that the policy was thereby invalidated.

We do not think that the fact the literature contained the words, "Pays in addition to Workmen's Compensation, group insurance and other insurance in force," dispensed with the necessity of appellee's telling the truth about his having other hospital insurance. Such insurance was to reimburse appellee for expenses incurred if illness caused his confinement in a hospital.

Courts must not aid an insured to convert his policy into a gambling contract, when by false representations he deliberately deceives the insurer into granting excess coverage whereby it becomes profitable to be confined in a hospital. Had appellee told appellant about his other insurance, and had appellant, with knowledge of the facts, issued the policy, or had appellant known the facts were not as represented, another question would be presented. Ordinarily, life insurance is payable in addition to other insurance in force; but truthful answers must be made when an applicant is asked about his other insurance.

■ Moreover, appellee did not plead, testify, or contend that after reading appellant's literature he thought it was immaterial as to how much other insurance he carried. He testified that he told the agent he had other hospital coverage and that the agent said "it didn't make any difference." This statement was denied by the agent, who testified that he read to appellee the question, " 'Do you or any member have hospital insurance? If so, who, and in what company and what amount' " and that appellee answered " 'No' ". The court found that appellee answered the question " 'No' " and that the answer was false.

Appellee testified that he did not know how many hospital policies he had when the application here involved was made, or how many claims he had made to other insurance companies on account of illness which was the basis of the claim in suit; that he had collected on some of the claims, but he did not remember how much had been collected; he "wouldn't know" if it was as much as $1,000 for eleven days confinement; and he had possibly collected more than twice the amount of the hospital and doctor's bills.

Appellant's state agent testified that the policy would not have been issued had appellant known that appellee already had hospital coverage for more than $20 per day; that appellant relied upon appellee's representations; that the acceptability of the risk depended upon his age, health, his-

tory, and the amount of hospital insurance carried; that he himself had the right to reject an application; and that had truthful answers been made to question No. 6, the application would not have been sent to appellant's issuing office.

Appellant alleged and its state agent testified that before appellant learned that appellee had $44 per day hospital coverage exclusive of the policy in suit, appellant had paid claims under its policy in excess of the amount of premiums collected.

The judgment is reversed and judgment is here rendered for appellant.