# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## METROPOLITAN LIFE INSURANCE CO. v. HAYSLETT.

### June 9, 1910.

Absent, Harrison, J.

1. PLEADING—*Grounds of Defense—Code, Sec. 3249—Excluding Evidence of Other Defenses—Other Defenses Shown by Plaintiff—Effect.*—The whole object and effect of requiring a defendant to state his grounds of defense, under section 3249 of the Code, is to limit the scope and operation of the general issue, and to prevent surprise by confining the introduction of evidence to the particular defense which the defendant has disclosed; and, while the defendant may not offer evidence of other defenses otherwise appropriate under the general issue, if the plaintiff offers such evidence, directly bearing upon the general issue, and it is received without objection from the defendant, it is proper for the consideration of the jury, although it sets up an additional defense, as the plaintiff cannot be surprised by evidence offered by himself, and it is not within the mischief intended to be remedied by section 3249.

2. INSURANCE—*Evidence—Common Knowledge—Experts—Cumulative Evidence.*—While it does not require an expert to prove that a man afflicted with chronic Bright's disease of the kidneys is not in good health, yet where the fact of ill health from that cause is material to the issue, in an action on a life insurance policy, the defendant should be allowed, to a reasonable extent, to accumulate evidence upon that point, and it is proper to receive the testimony of a physician on the subject.

3. INSURANCE—*Misrepresentations—Materiality—Questions of Law and Fact.*—Whether misrepresentations were made by an insured when he obtained a policy of life insurance, and if so, whether they were wilfully and fraudulently made, are questions of fact for the jury; but, when proved, their materiality is a question for the court which should not be submitted to the consideration of the jury.

Error to a judgment of the Circuit Court of Norfolk county in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott & Lankford,* for the plaintiff in error.

*R. Randolph Hicks,* for the defendant in error.

KEITH P., delivered the opinion of the court.

The Metropolitan Life Insurance Company, on the 26th of February, 1907, received from Joseph Hayslett a written application for insurance, dated on the 20th of that month, and issued its policy to him on the 9th day of the ensuing March for the sum of $500. On the 27th of February, 1908, Hayslett died, and a suit was brought upon the policy, a verdict rendered and a judgment recovered which is before us upon a writ of error.

The policy contained the following provisions: "It is further declared and agreed that the foregoing statements and answers, and also the statements and answers on the next page hereof, in answer to the medical examiner, are correct and wholly true, that they shall form the basis of the contract of insurance, if one be issued, and that if they are not thus correct and wholly true, the policy shall be null and void.

"It is further agreed that the company shall incur no liability under this application until it has been received, approved and the policy issued and delivered and the premium has actually been paid to and accepted by the company during the lifetime of the life proposed and while he is in good health.

"To induce the Metropolitan Life Insurance Company to issue policy, and as consideration therefor, I agree on behalf of myself and of any other person who shall have, or claim,. interest in any policy issued under this application as follows:

"Wherever nothing is written in the following paragraphs,. it is agreed that the declaration is true without exception.

"I have never had any of the following complaints or diseases: . . . disease of the ·kidneys.

"I am now in sound health. I am not blind, deaf or dumb, nor have I any physical or mental defects or infirmity of any kind." Then follows, "the name of the physician who last attended me, the date of the attendance, and the name of the complaint for which he attended me: Doctor Wilson, September, malaria.

"I have not been under the care of any physician within two years other than as stated in previous paragraph, except [no exception].

"I have never met with any serious personal injury, nor ever been seriously ill, except as stated herein, and for the complaints named, and no other, when I was attended by the following named physicians, and no other: [No exceptions and no physician's name.]"

To the declaration filed upon this policy the defendant pleaded non-assumpsit and two special pleas, in the first of which the defendant says, leaving out the formal parts, that the applicant did, fraudulently and knowingly make a false statement in his application, in this, to-wit, that he never had any disease of the kidneys, which statement was false,. in that the applicant prior thereto had been and was at that time afflicted with a disease of the kidneys and had been treated therefor: that the statement was material and caused the company to issue the policy sued upon, and but for said answer the policy would not have been issued; and that the defendant had no knowledge of the falsity of said·

.statement.    The substance of the second plea is that the applicant fraudulently and knowingly made a false statement in his application by stating that he was then (at the time ·of signing the application) in sound health, and that he had no physical or mental defect, or infirmity of any kind.

The plaintiff having moved that the defendant be required ·to file its grounds of defense, the defendant stated that they were embraced in the two pleas above given.

During the progress of the trial the defendant sought to rely upon a third ground of defense based upon the express agreement in the application for the policy, that "the company shall incur no liability under this application until it has been received, approved and the policy issued and delivered, and the premium has been actually paid to and accepted by the company during the lifetime of the life proposed and while he is in good health." The contention of the defendant upon this point is, that the policy was, without its knowledge or authority, delivered to and accepted by the deceased while he was ill and just rallying from a desperate attack which occurred about the 9th of March, 1907. This fact, it is claimed, was first disclosed by the defendant in error (plaintiff in the court below), in her testimony which was admitted and received without objection, and upon it the plaintiff in error claims that it had a right to rely under the general issue.    On the other hand it is contended by the defendant in error that the insurance company having been called upon for its grounds of defense, and having stated that the two special pleas were relied upon as containing its grounds of defense, none other could be considered by the jury.

Section 3249 of the Code provides, that "In an action or motion, the court may order a statement to be filed of the particulars of the claim or of the ground of defense; and, if a party fail to comply with such order, may, when the case is tried or heard, exclude evidence of any matter not de-

scribed in the notice, declaration, or other pleading of such party, so plainly as to give the adverse party notice of its character."

As was said by this court in *Columbia Accident Asso.* v. *Rockey*, 93 Va. 679, 25 S. E. 1009, the statement does not constitute the issue to be tried, and need not be as formal and precise as a declaration or plea. If it is not sufficient, the court should require a sufficient statement, and if it is not furnished exclude evidence of any matter not described in the notice, declaration, or other pleading so plainly as to give the adverse parties notice of its character. The object of the section is to give the opposing parties more definite information of the character of such claim or defense than is generally disclosed by the declaration, notice or plea, and to prevent surprise. *City of Richmond* v. *Leaker*, 99 Va. 6, 37 S. E. 348.

Its whole object and effect is to limit the scope and operation of the general issue, and to confine the introduction of evidence to the particular defense which the defendant has disclosed. *Oeters* v. *Knights of Honor*, 98 Va. 201, 35 S. E. 356.

If this evidence had been offered by the insurance company, and objection had been made, the court properly would have excluded it; but the case before us is quite otherwise. The plaintiff in the court below introduced the evidence, and it went before the jury without objection. It plainly does not come within the mischief intended to be remedied by section 3249, as the plaintiff could not be surprised by evidence which she herself introduced, and as it bore directly upon the issue of non-assumpsit it should have been considered by the jury.

The second bill of exception is, we think, without merit, and as it presents no question of interest we shall not discuss it.

The third bill of exception is as follows: Plaintiff in error asked a physician who was testifying the following

question: "Is a man in good health who has chronic Bright's disease of the kidneys and exhibiting symptoms such as I have indicated in the hypothetical question?" The hypothetical question had been asked and answered, but counsel for defendant in error objected to the question just stated and the objection was sustained, upon just what ground is not apparent.

It is true that it does not require an expert to prove that a man who is afflicted with chronic Bright's disease of the kidneys is not in good health; and yet it would seem that the party interested in establishing the fact of ill health should have been allowed, to a reasonable extent at least, to accumulate proof upon that point, which was a very material one. As the case will go back for a new trial, if the same question is asked under similar conditions, we are disposed to think it should be answered.

The fourth bill of exception grows out of the court having told the jury in its instructions, that the fact that the insured suffered from kidney disease did not bar him from recovering unless the jury believed from the evidence that the insured wilfully and fraudulently represented that he was not suffering from such disease, or unless such representations were material.

Whether a representation is made and the terms in which it is made are questions of fact for the jury; but when proved we are of opinion that its materiality is a question for the court.

The fifth bill of exception consists in the instruction given to the jury on motion of the plaintiff, that the burden of proving that the insured had a chronic disease of the kidneys is upon the defendant. It is insisted by the plaintiff in error that the pleadings do not assert that the insured had a chronic disease of the kidneys; that it was stipulated in the application that he had not had a disease of the kidneys, and the burden of proof was upon the insurance company to

show that he had such a disease, but whether or not it was chronic, the plaintiff in error insists, was entirely immaterial, and to require such proof was highly prejudicial to it.

Throughout the case the witnesses speak indifferently of "disease of the kidneys" and "chronic disease of the kidneys." The line is not sharply drawn between the acute and chronic forms of the disease, and this confusion or disregard of the distinction appears in the instructions asked for by the defendant as well as the plaintiff. Upon another trial, the plaintiff in error may, if it sees fit, by appropriate objection present this point more clearly for decision.

The sixth and seventh bills of exception are based upon the refusal of the court to permit the jury to consider evidence of delivery of the policy while the accused was ill, and has already been sufficiently considered in this opinion.

For the reasons given, the judgment must be reversed and the cause remanded for a new trial not inconsistent with the views expressed in this opinion.

*Reversed.*