# Richmond.

## CONTINENTAL CASUALITY CO. V. LINDSAY.

### November 17, 1910.

### Absent, Cardwell, J.

1. ACCIDENT INSURANCE—*Notice of Accident—When to be Given— Ignorance of Existence of Policy.*—When the existence of an accident insurance policy is not known for several months after the death of the insured, and the beneficiary therein, as soon as the policy is found, gives notice to the company, then all has been done that could have been required under the circumstances, notwithstanding a forfeiture clause in the policy for failure to give notice within fifteen days after the accident. Compliance with the terms of a policy as to notice and proof of loss within a reasonable time after knowledge of its existence, under all the circumstances of the particular case, is all that is required.

2. ACCIDENT INSURANCE—*Denial of Liability—Proof of Loss—Waiver.* —A distinct denial of any liability on an insurance policy and a refusal to pay on the ground that there is no liability, is a waiver of the condition of the policy requiring proof of loss.

3. ACCIDENT INSURANCE—*Application—False Statements—Warranty— Acts 1906, p. 139.*—If, in an application for an accident insurance policy, the assured is asked to give the name, relationship and residence of the beneficiary, and he states that the beneficiary is his wife, and the parties agree that the answer shall constitute a warranty, and it turns out that she is not his wife, but a woman with whom he is living in illicit cohabitation, such false statement with respect to his relation to the beneficiary avoids the policy. The answer was material and untrue, and the case is not controlled by Acts 1906, p. 139, sec. 28.

4. ACCIDENT INSURANCE—*Appication—Relation of Beneficiary—False Statement—Warranty—Materiality—Right of Company to Determine.*—Where an insurance company has, by its contract, fixed its estimate of the importance of a truthful answer to the

question calling for the relation between the applicant and the proposed beneficiary of the policy, and the applicant has accepted the test and agreed that his answer shall constitute a warranty of the fact stated, it would be a violation of the legal rights of the company to take away its power to make its opinion the standard of what is material, and to leave that point to the determination of a jury.

Error to a judgment of the Circuit Court of Albemarle county in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Micajah Woods* and *Manton & Maverick*, for the plaintiff in error.

*Walker & Sinclair* and *Duke & Duke*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by Willie A. Lindsay to recover of the Continental Casualty Company the amount of an accident insurance policy taken out by James O. Lindsay, who was, about six months thereafter, accidentally killed. The plaintiff was named in the policy as the beneficiary thereunder, and described therein as the wife of the insured. There was a verdict and judgment in favor of the plaintiff which we are asked to review.

We are of opinion that when the existence of an insurance policy is not known for several months after the death of the insured, and the beneficiary therein, as soon as the policy is found, gives notice to the company, then all has been done that could be required under the circumstances. It would be a harsh rule that would forfeit the policy because the bene-

ficiary had not given notice within fifteen days after the accident, as prescribed in the policy, when she did not know of its existence for several months thereafter. Compliance with the terms of a policy as to notice and proof of loss within a reasonable time after knowledge of its existence under all the circumstances of the particular case is all that is required. *Accident Association* v. *Byers*, 62 Neb. 673, 87 N. W. 546, 89 Am. St. Rep. 777, 55 L. R. A. 291; *Solomon* v. *Fire Ins. Co.*, 160 N. Y. 595, 55 N. E. 279, 73 Am. St. Rep. 707, 46 L. R. A. 683; May on Ins., vol. 2, sec. 462. See also *Woody* v. *O. D. Ins. Co.*, 31 Gratt. 362, 31 Am. Rep. 732.

We are further of opinion that when a loss has occurred and the insurance company has been notified thereof in writing, as soon as the policy is found, the policy is not forfeited for failure to furnish proof of loss where, in answer to a request by the beneficiary for a blank to make out such proofs, the company replies: "I note your request for blank that you may make proof of loss. We do not request you to make any proof of loss as we believe that your claim is already utterly invalid and that it will be an useless expenditure of effort on your part to submit proof of death, but as you ask for the blank it is herewith enclosed. It is sent to you as an act of courtesy that you may make such use of it as you may deem to be for your client's best interests."

This refusal of the company to recognize any claim renders the delivery of notice and proof of loss a useless ceremony, and is treated as waiving a strict compliance with the condition as to the preliminary notice and proof; both in respect to form and time. A distinct denial of liability and refusal to pay on the ground that there is no liability is a waiver of the condition requiring proof of loss. *Travelers Ins. Co.* v. *Harvey*, 82 Va. 949, 5 S. E. 553. Language indicating a refusal to pay or to recognize any claim whatever could not be stronger than that used by the company in response to the application for a blank proof of loss, viz., "We do not request

you to make any proof of loss as we believe that your claim is already utterly invalid and that it will be a useless expenditure of effort on your part to submit proof of death."

We are further of opinion that in a written application for insurance, where the insured is asked to give the name, relationship and residence of the beneficiary, and he states in reply that the beneficiary is his wife, and it turns out that she is not his wife but a woman with whom he is living in illicit cohabitation, such false statement with respect to his relation to the beneficiary avoids the policy. The question asked by the company called for most material information that might well have a very important bearing upon the issuance of the policy, and it was therefore agreed that the representation made in answer thereto should constitute a warranty. This is done for the purpose of ascertaining the manner of life, the environments and habits of those who apply for insurance, that the company may reject the application of those deemed to be undesirable risks. It cannot be doubted that a man who, in violation of law, is living in lewd and lascivious cohabitation with a woman is a less desirable risk than one who is leading a regular and clean life. The company has, by its contract, fixed its estimate of the importance of a truthful answer to the question calling for the relation between the applicant and the proposed beneficiary of the policy, and the applicant has accepted the test and agreed that his answer shall constitute a warranty of the fact stated. It would be a violation of the legal rights of the company to take away its power to make its opinion the standard of what is material, and to leave that point to the determination of a jury. *Jefferies* v. *Life Ins. Co.*, 22 Wallace 47, 22 L. Ed. 833; *Gaines* v. *Fidelity & Casualty Co.*, 188 N. Y. 411, 81 N. E. 169.

In the case last cited, Judge Gray, speaking for the court, says: "The insurer was entitled to know the actual relationship which the person, for whom the assured desired the benefit of the insurance contract, sustained to him, for it bore upon

the risk which it was to assume. The inquiry related to the risk; the statement in the answer was made a warranty to be contained in the policy, and it having been determined that the statement was untrue, the right to recover upon the contract was forfeited."

The Acts of 1906, p. 139, sec. 28, does not control in this case, because it clearly appears that the answer in question was material.

It follows from what has been said that the circuit court erred in excluding the testimony offered by the defendant company to show the falsity of the answer made by the assured to the question calling for his relation to Willie A. Lindsay, the beneficiary named in the policy. It was also error to refuse to give the instruction asked for by the defendant company, which told the jury that if they believed from the evidence that the representation made by James O. Lindsay to the defendant relative to the relationship existing between himself and the proposed beneficiary, Willie A. Lindsay, was wilfully false then they must find for the defendant. Willie A. Lindsay had admitted on her cross-examination that she was never legally married to the assured, and if the jury believed that he had falsely represented his relation to her, the policy was thereby forfeited, and there could be no recovery.

The judgment must be reversed, the verdict set aside and the cause remanded for a new trial not in conflict with this opinion.

*Reversed.*