## Staunton.

## NORTH RIVER INSURANCE COMPANY v. W. E. ATKINSON.

### September 20, 1923.

1. INSURANCE—*Representations or Warranties—Section 4220 of the Code of 1919.*—Section 4220 of the Code of 1919 entitled "When answers or statements of applicant not to bar recovery on policy" applies only to the application for the policy.

2. INSURANCE—*Representations or Warranties—Section 4220 of the Code of 1919—Case at Bar.*—In the instant case, an action on an insurance policy against loss by fire and theft of an automobile, the warranties were that the factory number of the automobile insured was 87,382, and that it was new when purchased. Plaintiff contended that section 4220 of the Code of 1919 destroyed the effect of all such warranties.

   *Held:* That it appears from the language used in that section that it had no application to the instant case, as it was clearly proven that the answer or statement as to the number of the automobile and that it was new were material to the risk assumed and were untrue.

3. INSURANCE—*Representations—Warranty.*—A warranty in the law of insurance may be defined as a statement or stipulation in the policy as to the existence of a fact or a condition of the subject of the insurance which, if untrue, will prevent the policy from attaching as the contract of the insurer.

4. INSURANCE—*Representations—Warranty.*—Underlying the whole doctrine of warranties and representations is the fundamental principle that warranties are always a part of the completed contract, while representations precede, are collateral to, and are not necessarily a part of the contract.

5. INSURANCE—*Representations—Warranty.*—A warranty is a statement of a fact on the literal truth of which the validity of the contract depends; but, in the case of a representation, the validity of the policy does not depend upon the literal truth of the assertion. In other words, a warranty must be literally true, while a representation need be only substantially true.

6. INSURANCE—*Representations—Questions of Law and Fact.*—Whether a representation is made and the terms on which it is made are ques-

tions of fact for the jury, but, when proved, its materiality is a question for the court.

7. INSURANCE—*Automobile Insurance—Automobile Number.*—In an action upon an automobile insurance policy, an instruction that if the jury believed from the evidence that the motor number of plaintiff's automobile was 87,382 and that he represented to the defendant this number as the factory number of the automobile, instead of the motor number, then such representation is not material, was error.

8. INSURANCE—*Automobile Insurance—Sole and Unconditional Ownership.*— An automobile policy provided that it should be void if the interest of the insured in the property be other than unconditional and sole ownership. In an action upon the policy the court instructed the jury that if they believed from the evidence that the plaintiff was the owner of the automobile described in the policy of insurance and that he insured the same with the defendant company and that the automobile was stolen, they should find for the plaintiff, and refused to instruct the jury that the plaintiff could not recover unless and until he showed by a preponderance of the evidence that plaintiff was the sole and unconditional owner of the automobile alleged to have been stolen.

*Held:* Error.

9. INSURANCE—*Automobile Insurance—New Car.*—Where a policy of insurance on an automobile contained a warranty that the car was a new one, it was error to refuse to instruct that the warranty was material and that plaintiff could not recover if in fact the car was not new.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Reversed and final judgment.*

The opinion states the case.

*R. H. Mann,* for the plaintiff in error.

*Page, Page & Page,* for the defendant in error.

WEST, J., delivered the opinion of the court.

On the 21st day of September, 1920, the plaintiff, W. E. Atkinson, of Norfolk, Virginia, purchased in Philadelphia, Pa., a Hudson automobile, known as stock model four-passenger phaeton. The bill of sale was signed by "R. L. Allen, salesman," and described the motor number to be 87,382, and stated that the purchase price was $2,850.00 in cash. Allen was a dealer in "used" and new cars and "buys on the road" between Philadelphia and New York. If he cannot sell at his price he sells at auction. The speedometer on the car at the time of the purchase showed that it had been run 600 miles. Without registering his title in Pennsylvania, Atkinson drove the car to Baltimore and shipped it to Norfolk.

After arriving in Norfolk the plaintiff registered the car with the Secretary of the Commonwealth. On January 15, 1921, he insured it for one year against loss by fire and theft in the sum of $2,000.00 in the Northwestern National Insurance Company, which was succeeded by the defendant, the North River Insurance Company, and in his policy warranted the *factory number* of the car to be 87,382, and that the car was new. On May 11, 1921, the automobile was stolen from in front of the Strand Hotel in Newport News, Virginia, and has not been heard from since.

On July 21, 1921, the plaintiff filed proof of loss under oath in which he described the car as bearing *factory number* 87,382. The defendant declined to pay the loss, and the plaintiff instituted this suit for $2,000.00. There was a verdict and judgment in favor of the plaintiff for $2,000.00, and this writ of error is to that judgment.

The defendant relies on six assignments of error, involving the action of the court in admitting certain evidence, in refusing to strike out certain evidence, in giv-

ing and refusing instructions, in misdirecting the jury, in refusing to set aside the verdict of the jury on the ground that it is contrary to the law and evidence and grant a new trial, and in refusing to set aside the verdict of the jury and enter judgment for the defendant.

In our view, all the assignments can be disposed of by a discussion of the warranties in the policy contract.

The clause in the policy with reference to warranties reads as follows: "The following are statements of facts known to and warranted by the assured to be true; and this policy is issued by the company relying upon the truth thereof."

[1, 2] The warranties in the instant case were that the *factory number* of the automobile insured was 87,382, and that it was new when purchased.

The plaintiff contends that section 4220 of the Code has destroyed the effect of all such warranties. This section applies only to the application for the policy. The section reads as follows:

"When Answers or Statements of Applicant not to Bar Recovery on Policy—All statements, declarations and descriptions in any application for a policy of insurance shall be deemed representations and not warranties, and no statement in such application or in any affidavit made before or after loss under the policy, shall bar a recovery upon a policy of insurance, or be construed as a warranty, anything in the policy to the contrary notwithstanding, unless it be clearly proved that such answer or statement was material to the risk when assumed and was untrue."

It will be observed from the language used in this section that it has no application to the instant case, as it is clearly proven that such answer or statement was material to the risk when assumed and was untrue.

In this case there was no written application in which

the insured answered interrogatories. He approached the agent of the company and asked for the insurance and in answer to questions asked him gave the agent a card from the office of the Secretary of the Commonwealth from which to obtain the description of the automobile, necessary to make out the policy. The agent had seen the insured driving a car along the streets of Norfolk but relied on the truth of the facts furnished him by the assured, and, deeming it unnecessary, did not inspect the car.

The uncontradicted evidence at the trial was that there is no duplication of numbers, either factory or motor numbers, of Hudson automobiles, that *factory* number and *serial* number are one and the same, and that no automobile with *factory* number 87,382 had ever been manufactured by the Hudson Motor Company; that *motor number* 87,382 was installed in a four-passenger coupe, with factory number 10-0-50454, the ownership of which was traced from the Hudson Motor Company to the Lu Will Printing Company, the present owner, and that the motor number 87,382 thereon showed no sign of being tampered with. The evidence further shows, without contradiction, that in tracing stolen cars it is very material to have the right number, whether factory or motor number, and that without it the car can not be identified; and that to give the factory number for the motor number is not sufficient for purposes of identification.

*Insurance Co.* v. *Walker*, 127 Va. 140, 102 S. E. 585, relied on by the plaintiff, is not in point. While Judge Prentis mentions section 4220 of the Code in his opinion, that case was tried before the Code of 1919 became effective, and the court was construing section 3344-a of Pollard's Code.

The effect of a warranty in an insurance contract is

stated in 2 Cooley's Briefs on Insurance, at page 1127, thus:

[3] "A warranty in the law of insurance may be defined as a statement or stipulation in the policy as to the existence of a fact or a condition of the subject of the insurance which, if untrue, will prevent the policy from attaching as the contract of the insurer.

[4] "Underlying the whole doctrine of warranties and representations is the fundamental principle that warranties are always a part of the completed contract, while representations precede, are collateral to, and are not necessarily a part of the contract. (P. 1128.)

[5] "A warranty is a statement of a fact on the literal truth of which the validity of the contract depends; but, in the case of a representation, the validity of the policy does not depend upon the literal truth of the assertion. In other words, a warranty must be literally true, while a representation need be only substantially true." (P. 1129.) Citing *Wood* v. *Hartford Insurance Co.*, 13 Conn. 533, 35 Am. Dec. 92; *Aetna Ins. Co.* v. *Simmons*, 49 Neb. 811, 69 N. W. 125; *Duncan* v. *Sun Ins. Co.*, 6 Wend. (N. Y.) 488, 22 Am. Dec. 539, and many other cases on page 1127; and *Hearn* v. *Equitable Ins. Co.*, 11 Fed. Cas. 965; *Equitable Safety Ins. Co.* v. *Hearne*, 20 Wall. 494, 22 L. Ed. 398, and other cases on page 1128; and *Hazard* v. *New England Marine Ins. Co.*, 8 Pet. 557, 8 L. Ed. 1043; *Nicoll* v. *American Ins. Co.*, 18 Fed. Cas. 231, and other cases on page 1129.

In 1 May on Insurance, sec. 156, the author states the law as follows: "An express warranty is a stipulation inserted in writing on the face of the policy, on the literal truth or fulfilment of which the validity of the entire contract depends. * * * By a warranty the insured stipulates for the absolute truth of the statement made, and the strict compliance with some prom-

ised line of conduct, upon penalty of forfeiture of his right to recover in case of loss, should that statement prove untrue, or the course of the conduct promised be unfulfilled."

[6] Whether a representation is made and the terms on which it is made are questions of fact for the jury, but, when proved, its materiality is a question for the court. *Ins. Co.* v. *Hayslett,* 111 Va. 112, 68 S. E. 256.

It clearly appears that the representation that the factory number was 87,382 was made and relied on by the defendant, and that it was untrue. The uncontradicted evidence is that the policy would not have been issued had the agent known that the factory number of the car had not been correctly given.

The correct factory number of the car was material to the risk when assumed for many reasons.

[7-9] The policy provides that it shall be void if the interest of the insured in the property be other than unconditional and sole ownership. With the correct factory number the defendant could trace the car from the factory and thus ascertain whether it had been theretofore stolen. If it appeared from the investigation that it had been before stolen, the company would have a complete defense to the action. It clearly appears from the evidence that the rate charged for insurance on second-hand cars is higher than that charged on new cars, and that with the correct factory number the defendant could communicate with the manufacturers and secure the numbers of the transmission, clutch and other component parts of the car, with which to identify it and trace it through various purchasers to ascertain whether the car was new or second hand, and that quick action and correct information are necessary to make certain of a recovery of the car and thereby reduce the liability of the company under the contract.

In the case of *North River Ins. Co.* v. *Lewis, post* p. 322, 119 S. E. 43, decided today, involving a similar policy contract, it was held that certain false statements written by the agent in the policy would, under its provisions, void the policy, unless the company was estopped by the conduct of its agent.

The court erred in giving the following instruction of its own motion:

"The court instructs the jury that if they believe from the evidence that the motor number of plaintiff's automobile was 87,382 and that he represented to the defendant this number as the factory number of said automobile, instead of the motor number, then such representation is not material, and if you further believe from the evidence that the plaintiff was the owner of the Hudson phaeton type automobile described in the policy of insurance and that he insured same with the defendant company and that said car was stolen, you should find for the plaintiff."

The court also erred in refusing to give instructions 3, 4, 5 and 6 offered by the defendant, as follows:

"III. The court instructs the jury that the warranties contained in the policy shown in evidence, that the *factory* number of the automobile insured was 87,382, and that it was a new car when insured, are facts which the plaintiff warranted to be true and unless they are true the plaintiff cannot recover on this action.

"IV. The court further instructs the jury that the warranties contained in the policy shown in evidence in this case that the *factory* number of the car insured was 87,382 was material to the risk when assumed and if the jury believe from the evidence that the *factory* number of the said car was *not* 87,382, the plaintiff cannot recover in this action.

"V. The court further instructs the jury that the

warranties contained in the policy shown in evidence in this case that the car insured was a new car, was material to the risk when assumed; and if the jury believe from the evidence that the said car was not a new car, the plaintiff cannot recover in this action.

"VI. The court further instructs the jury that the plaintiff cannot recover in this action unless and until he shows by a preponderance of the evidence that he was a sole and unconditional owner of the automobile alleged to have been stolen, and if the jury believe from the evidence that he was not the sole and unconditional owner thereof, they must find for the defendant."

For the foregoing reasons, we are of opinion that the statement, representation and warranty as to the factory number of the car at the time of the issuance of the policy, and made a part thereof, were material to the risk when assumed and were untrue and that by reason thereof the policy was and remained void and there can be no recovery thereon.

Under the law and the evidence the jury could not have properly rendered a verdict for the plaintiff.

The judgment will be reversed and the verdict set aside and final judgment entered here for the defendant.

*Reversed and final judgment.*