# Richmond

UNITED STATES CASUALTY COMPANY v. MARGUERITE T. BAIN.

January 15, 1951.

Record No. 3730.

Present, Gregory, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*Edward S. Ferebee*, for the plaintiff in error.

*Tom E. Gilman, R. Winston Bain* and *James G. Martin & Sons*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Marguerite T. Bain, the plaintiff below, brought her action, by notice of motion for judgment, against the United States Casualty Company for $750 with interest. A jury was waived and the whole matter of law and fact submitted to the court. The court entered judgment in favor of the plaintiff against the defendant for the full amount.

It was alleged in the notice that the plaintiff had been injured on April 24, 1949, by reason of a collision between an automobile in which she was riding and a truck belonging to J. P. Trant and Company, Incorporated, which, at the time, was being driven by Izaac Augustus Williams, with the consent of the owner. The United States Casualty Company, defendant in the court below, had covered the truck by insurance and execution had been issued against Williams and returned "no effects" prior to the institution of the present action. The Insurance Company pleaded the general issue and filed two special pleas in which it took the position that the insurance policy did not cover the operation of the truck by Williams at the time of the accident, because he was not operating it with the permission or consent, either express or implied, of the owner. The Insurance Company also defended upon the ground that the policy in question was one of indemnification only, that no judgment had been rendered against J. P. Trant and

Company, Incorporated, the insured, and, therefore, that the plaintiff had no claim under the policy, or otherwise, against the Insurance Company.

At the trial in the tort action a nonsuit was taken against J. P. Trant and Company, Incorporated, and judgment entered against Williams alone. He lives at St. Brides, Virginia, and works for the Trant Company as a laborer in its lumber operations. The truck which he was driving at the time of the accident was a 1947 International and was one of a fleet of trucks owned and operated by the Trant Company and covered by a blanket insurance policy in which thirteen trucks were insured.

At the time the truck in question was purchased, for certain reasons the Trant Company had the title to the truck placed in the name of its foreman, W. B. Sorey, and upon the title a lien was reserved in its favor for $2,550.42. The evidence discloses very clearly that the Trant Company was the sole owner of the truck and had it placed in the name of Mr. Sorey for matters of convenience. The truck was left in his custody along with other trucks and other equipment. Sorey had the right to use the truck for his own private purposes. On Sunday, April 24, 1949, the day of the accident, Williams desired to transport his wife several miles to visit her sick mother, and he and Joshua Alexander Lee, his uncle, asked Mr. Sorey if he would lend the truck to Lee so that Williams' wife might be driven over to her mother's home. The request for Lee to go with him to ask Sorey for the use of the truck was due to the fact that Williams had no driving permit, but Lee did have one and Williams stated, "I knew he would not let me have the truck." Lee worked regularly for Mr. Sorey as a truck driver and had a proper driving license. Mr. Sorey gave permission for the truck to be used for the purpose indicated, if Lee did the driving.

Lee drove the truck to the home of the wife's mother and left it there in the yard. He then took a bus to Norfolk stating that he would return at 6 o'clock in the afternoon. He did not return at that time and Williams decided to

drive the truck back to St. Brides himself. He stated that he did this to keep Lee from getting in trouble because they had promised to have the truck back before 6 o'clock, but Williams also stated that he had no permission from Lee to drive the truck. It was on the return trip, while Williams was driving the truck, that the collision occurred in which the plaintiff was injured.

The Insurance Company relies upon the fact that there was a violation of the sole ownership clause of the insurance policy, in that the title to the truck was not in the name of the Trant Company, but in the name of Sorey, and that the Trant Company held only a lien on the vehicle. We do not think there is any merit in this contention. The evidence is uncontradicted that the Trant Company purchased the truck with its own funds and that the title to the truck was placed in Mr. Sorey's name purely as a matter of convenience. Mr. Sorey did not claim to be the owner of the truck. The title certificate was not conclusive of ownership but only *prima facie*, and we think that it was clearly shown that the Trant Company was the sole owner.

The serious point in the case is whether or not Williams, at the time of the accident, was driving the truck with the permission, express or implied, of the owner. It may be conceded that Mr. Sorey had the authority to grant permission for someone to drive the truck. The evidence conclusively shows that he granted permission to Lee to drive the truck and that he did not grant any permission to Williams. We have had no case in which the facts are similar to these.

Under section 3 of the policy the word "Insured" is defined, and by the express language of that section it includes the named assured and also any person while using the automobile, provided the actual use of the automobile is by the named insured, or with his permission. Section 38-238 of the Code of 1950 provides that no policy similar to the one in question shall be issued to the owner of a motor vehicle unless there shall be contained within such

policy a provision insuring the owner against liability in damages for death or injuries to person or property resulting from negligence in the operation of such motor vehicle in the business of such owner, or otherwise, "by any person legally using or operating the same with the permission, express or implied, of such owner."

As we have already stated, the permission granted to use the truck on this occasion was to Lee and not to Williams. Therefore, Williams was not covered by the policy. He had no permission, either express or implied, to operate the truck at the time of the collision.

We have recently reviewed and considered cases of this nature in *Liberty Mutual Ins. Co.* v. *Tiller*, 189 Va. 544, 53 S. E. (2d) 814; *Fidelity, etc., Co.* v. *Harlow, ante*, p. 64, 59 S. E. (2d) 872; and *State Farm Mut. Auto. Ins. Co.* v. *Cook*, 186 Va. 658, 43 S. E. (2d) 863, 5 A. L. R. (2d) 594; therefore, we think it unnecessary to review and discuss those cases in this opinion.

The other questions raised in the case become unimportant from the view which we have taken. The judgment is reversed and final judgment is here entered in favor of the plaintiff in error.

*Reversed and final judgment.*