## Richmond

Elizabeth A. Scott, Et Al., Etc. v. State Farm Mutual Automobile Insurance Company.

March 6, 1961.

Record No. 5205.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*Stuart A. Barbour, Jr.* (*T. Warren Messick,* on brief), for the appellants.

*Robert J. Rogers* and *John H. Thornton, Jr.* (*Woods, Rogers, Muse & Walker,* on brief), for the appellee.

I'Anson, J., delivered the opinion of the court.

This is an appeal from a declaratory judgment in a suit filed by

State Farm Mutual Automobile Insurance Company, the appellee, hereinafter referred to as State Farm, against George E. Bower, Robert W. Bower, Paul M. Herndon, administrator of the estate of Robert M. Herndon, DeWitt Francis Swanson, Elizabeth A. Scott and Roy E. Scott, praying that a certain automobile liability insurance policy issued to George E. Bower be declared void from its inception because a representation made by Bower in the application for insurance that he was the sole owner of the automobile was untrue and material to the risk assumed. The automobile was involved in a non-collision accident in which the driver, Robert M. Herndon, was killed and Roy E. Scott and DeWitt F. Swanson, passengers in the car, were injured. Immediately after the accident State Farm cancelled the policy and returned the premium paid to George E. Bower.

After hearing the evidence *ore tenus* and considering briefs filed on behalf of the parties, the chancellor held that the insurance policy was null and void because of the representation made by Bower that he was the sole owner of the automobile when in fact the evidence showed he was a joint owner; that such misrepresentation was material to the risk assumed, and that State Farm had no obligation under the policy to any of the defendants. The appellants, Elizabeth A. Scott, mother and next friend of Roy E. Scott, and Roy E. Scott, an infant, two of the defendants in the court below, are here on appeal from the chancellor's decree.

The undisputed evidence shows that during the month of July, 1957, George E. Bower and his son Robert, who was 19 years of age and resided with his father, purchased a 1949 Plymouth automobile from a used car dealer in the city of Roanoke for $250 cash. The father paid $50 on the purchase price and Robert paid the balance of $200. The automobile was titled in the name of George E. Bower because of his son's minority.

On August 3, 1957, George E. Bower applied to State Farm through its Roanoke agent for liability insurance on the vehicle. The application signed by Bower disclosed that the purpose for which the automobile was to be used was pleasure; that it was the only automobile owned in the household; that the applicant was the principal driver of the automobile; and that he represented that he was the sole owner of the described automobile.

Mr. Bower's work generally took him out of town from Sunday through Friday but he usually used the car for his family's pleasure on week-ends. Robert Bower did not have an operator's permit but

he had his father's permission to use the automobile at any time as long as he got someone else to drive it. One of Robert's friends, Robert M. Herndon, who was 18 years of age, sometimes drove the car, either with or without the presence of Robert. On the night of February 4, 1958, Herndon drove Robert to Blue Ridge, Virginia, to see a basketball game, and after he put Robert out the car was involved in an accident, which gave rise to this suit.

Sometime prior to the accident Herndon had agreed to purchase the car from Robert for $100, and had paid $10 on the purchase price. None of this amount was received by Robert's father, and all of the negotiations with respect to the sale were between Herndon and Robert. Herndon kept the car at his home for about a week immediately prior to the accident but the title to the car had not been transferred to him.

The principal issue presented is: Does the evidence support the finding of the chancellor that the representation of George E. Bower, in his application for insurance, as to his sole ownership of the automobile was untrue and that it was material to the risk assumed and thus voided the policy?

The statutory law applicable to the issue involved is found in § 38.1-336, Code of 1950, 1953 Replacement Volume, which reads as follows:

"*When answers or statements of applicant not to bar recovery on policy.*—All statements, declarations and descriptions in any application for a policy of insurance or for the reinstatement thereof shall be deemed representations and not warranties, and no statement in such application or in any affidavit made before or after loss under the policy shall bar a recovery upon a policy of insurance, or be construed as a warranty, anything in the policy to the contrary notwithstanding, unless it be *clearly proved* that such answer or statement was material to the risk when assumed *and* was untrue." (Italics supplied.)

In the note of the revisors of Code of 1919, under § 4220 (later § 38-7, Code of 1950; § 38-336, Code of 1950, as amended, Acts of Assembly, 1952, ch. 317, p. 499; and now § 38.1-336 Code of 1950, 1953 Replacement Volume) the following is said:

"The revisors were of opinion that if the answer or statement was MATERIAL to the risk when assumed and was untrue, that no recovery should be had; but that if IMMATERIAL, although false or fraudulently made, that it should not bar recovery for the reason

that such a statement could not have affected the risk, being immaterial to it. If the statement was material, although innocently made, of course no recovery should be allowed."

We have dealt with the application of § 38.1-336 on many occasions and have uniformly held that a misrepresentation of facts material to the risk when assumed voids an insurance contract. *Inter-Ocean Ins. Co. v. Harkrader*, 193 Va. 96, 100, 67 S. E. 2d 894, 897; *Flannagan v. Northwestern Mut. Life Ins. Co.*, 152 Va. 38, 146 S. E. 353; *North River Ins. Co. v. Atkinson*, 137 Va. 313, 119 S. E. 46.

The evidence clearly shows that George E. Bower, the insured, was a joint owner of the automobile with his son Robert, and his statement that he was the sole owner of the automobile was untrue. While it is true that the title certificate showed George E. Bower to be the owner of the automobile, it was not conclusive but only *prima facie* evidence of ownership. *United States Cas. Co. v. Bain*, 191 Va. 717, 720, 62 S. E. 2d 814, 815.

The appellants here contend, as they did in the court below, which is shown by their brief filed with the manuscript record, that, even if it should be found that the ownership of the car was misrepresented, State Farm did not prove, pursuant to the requirement of § 38.1-336, Code, that the misrepresentation was material to the risk assumed. Thus the point relied on here was raised in the lower court. See *Sawyer v. Blankenship*, 160 Va. 651, 654, 655, 169 S. E. 551, 552.

State Farm argues that once it has shown that the representation is untrue, then as a matter of law it is material to the risk assumed by the insurer. It relies on an annotation in 33 A. L. R. 2d 948, citing *Royal Indemnity Co. v. Hook*, 155 Va. 956, 157 S. E. 414; *Didlake v. Standard Insurance Co.* (10 Cir. 1952), 195 F. 2d 247, 33 A. L. R. 2d 941. It also relies on *Western States Mutual Automobile Insurance Co. v. May* (1958), 18 Ill. App. 2nd 442, 152 N. E. 2d 608, which followed the holding in the *Didlake* case.

In *Royal Indemnity Co. v. Hook, supra*, a 17-year-old boy purchased an automobile and the title to the vehicle was placed in the name of his mother. In the application for insurance his mother represented that she owned the car. The agent who wrote the insurance knew the facts and actually suggested the arrangement himself. In an action on the policy the insurer contended that it was relieved of liability by reason of the false representation. This Court held that the insurer was charged with the agent's knowledge of the falsity of the representation at the time it was made, and was estopped from

questioning the truth of such representation. There is, however, dictum in the case (155 Va. at p. 964, 157 S. E. at p. 417) that the false representation as to ownership of the automobile was material to the risk assumed and would have voided the policy except for the agent's knowledge of the facts. The language used was not necessary to the decision and we do not adhere to the statement in the absence of evidence clearly proving that the false statement as to ownership was material to the risk assumed.

In the *Didlake* case, *supra*, a 19-year-old boy purchased an automobile and in order to obtain a deferred payment arrangement he induced an adult to assume the role of owner. The latter applied for an insurance policy, representing that he was the sole owner of the automobile. In an action brought by an injured party as a result of the negligence of the youth, the Court held that the misrepresentation was material and summary judgment was entered for the insurance company. However, evidence was introduced on behalf of the insurance company that it would not have issued the policy if it had known that the true owner of the car was a minor, unmarried, and away from home on duty with the army, since he would have been considered a bad risk.

In *Western States Mutual Automobile Insurance Co. v. May, supra*, a 20-year-old youth owned an automobile but the insurance policy was issued to the youth's father on the basis of a representation in the application that the father was the owner of the vehicle. The court held the policy void on the grounds that the representation in the application was made with intent to deceive, and materially affected the risk assumed. The court took judicial notice that:

"It is a matter of common knowledge that the rate frequency of accidents for drivers between the ages of sixteen and twenty-four is substantially greater than that for all drivers who are twenty-five years or more. * * * The risk or hazard of writing liability insurance in this group is, therefore, substantially greater. This in turn determines the premium rate to be charged, the extent of coverage which the insurer is willing to underwrite and the restrictions it may impose as to the conditions under which it will assume the risk."

It is true that we have frequently said that whether a representation has been made and the terms on which it was made are questions of fact for the jury, but, when proved, its materiality is a question for the court. *Inter-Ocean Ins. Co. v. Harkrader, supra*, 193 Va. at p. 102, 67 S. E. 2d at p. 898, and the cases there cited. But the present case

is the first to come before this Court in which there has been clearly presented the question of whether there must be proof of the materiality of such a misrepresentation in an application for insurance.

In *Green* v. *Southwestern Vol. Ass'n*, 179 Va. 779, 787, 20 S. E. 2d 694, 697, this Court, speaking through Mr. Justice Spratley, said:

"We have construed this section [38.1-336] to provide that no such statement, declaration, or description shall be allowed to bar a recovery upon the policy, or be construed as a warranty, unless it be 'clearly proved' that it was both false and material to the risk." See also *Flannagan* v. *Northwestern Mut. Life Ins. Co.*, *supra.*

We held in *Sands* v. *Bankers' Fire Ins. Co.*, 168 Va. 645, 653, 192 S. E. 617, 619, that the burden of proving the materiality of a misrepresentation is on the insurer, it being an affirmative defense.

In each of the Virginia cases hereinbefore cited supporting the principle that a misrepresentation of facts material to the risk voids an insurance contract, there was positive proof that the company would not have written the policy if it had known the true facts. See *Inter-Ocean Ins. Co.* v. *Harkrader, supra*, 193 Va. at pp. 100, 102, 67 S. E. 2d at pp. 896, 898; *Flannagan* v. *Northwestern Mut. Life Ins. Co., supra*, 152 Va. at pp. 64, 65, 146 S. E. at pp. 360, 361; *North River Ins. Co.* v. *Atkinson, supra*, 137 Va. at pp. 316, 319, 119 S. E. at pp. 47, 48. See also *Ambrose* v. *Acacia Mut. Life Ins. Co.*, 190 Va. 189, dissenting opinion at p. 199, 56 S. E. 2d at p. 372; *Maryland Casualty Co.* v. *Cole*, 156 Va. 707, 712, 158 S. E. 873, 874.

State Farm presented no evidence that it would have rejected the risk or charged a higher premium if it had been revealed in the application that Robert Bower, a minor and member of the insured's household, was a joint owner of the car with his father. Under the terms of the policy Robert could have driven the car had he had a driver's permit. Thus, it cannot be implied that Bower's failure to disclose in the application that his son Robert was a joint owner of the car was material to the risk assumed by the insurer. The burden of proof was on the insurer to "clearly prove" that the misrepresentation of ownership was material to the risk, and it failed to do so. Nor can we take judicial notice under the statute here involved of the fact that a higher rate would have been charged because of Robert Bower's age, or that the risk would have been rejected if State Farm had known George E. Bower was not the sole owner. We cannot say that the rates fixed for certain male drivers under the age of 25 are matters of common knowledge.

One of the purposes of Code § 38.1-336 is to relieve against the rigorous consequences of the common law rule that representations made and answers to interrogatories in applications for insurance imply that the subject matter of the representations and questions and answers are material to the risk when assumed, and that if such statements and answers are not true the policy is voidable. *Sterling Ins. Co. v. Dansey*, 195 Va. 933, 942, 81 S. E. 2d 446, 451; 29 Am. Jur. § 720, pp. 978, 979.

For the reasons given, we hold that the insurance policy involved here is a valid and binding contract between State Farm and George E. Bower and the decree of the court below is reversed.

*Reversed and final decree.*

SPRATLEY, J., dissenting:

I am of opinion that the decree of the trial court should be affirmed. For more than fifty years since the enactment of Code § 38.1-336, Acts 1906, p. 122, c. 2, § 28, we have repeatedly and consistently held that when a misrepresentation has been established in an application for an insurance policy, the materiality of the misrepresentation as affecting the risk to be assumed is a question for the court.

In 1910, President Keith of this Court, an able and distinguished judge, said in *Metropolitan Insurance Co. v. Hayslett*, 111 Va. 107, 112, 68 S. E. 256: "Whether a representation is made and the terms in which it is made are questions of fact for the jury; *but when proved we are of opinion that its materiality is a question for the court.*" (Emphasis added.)

In the same year, Judge Harrison, also an able and distinguished judge, in *Continental Co. v. Lindsay*, 111 Va. 389, 392, 393, 69 S. E. 344, said that it would be improper to leave to the jury the determination of the standard of what is material, and that the statute here involved does not control when it clearly appears that the untrue representation was material to the risk.

In *Talley v. Metropolitan Life Insurance Co.*, 111 Va. 778, 782, 69 S. E. 936, decided in 1911, Judge Harrison, again speaking for the Court, and quoting with approval May on Insurance, said: " 'Representations should not only be true, but they should be full. The insurer has a right to know the whole truth. And a lack of fullness, if designed, in a respect material to the risk, is tantamount to a false

representation, and is attended by like consequences. * * *.' " There it was said that the claimant having failed to communicate to the insurer the true condition of his health, the concealment was fatal to the risk, and the insured could not recover, as a matter of law.

In *North River Insurance Co. v. Atkinson*, 137 Va. 313, 319, 119 S. E. 46; *Flannagan v. Northwestern Mutual Insurance Co.*, 152 Va. 38, 67, 146 S. E. 353; and *Inter-Ocean Insurance Co. v. Harkrader*, 193 Va. 96, 102, 67 S. E. 2d 894, we repeated the statement that where a misrepresentation has been proven, its materiality is a question for the court.

Cf. *Metropolitan Insurance Co. v. Hart*, 162 Va. 88, 93, 173 S. E. 769; *Mutual Benefit Association v. Ratcliffe*, 163 Va. 325, 333, 175 S. E. 870; and *Phoenix Indemnity Co. v. Anderson and Powell*, 170 Va. 406, 415, 196 S. E. 629.

In 33 A.L.R. 2d, page 951, in an annotation entitled "Misrepresentation by applicant for automobile liability insurance as to ownership of vehicle as material to risk," it is said that it is the prevailing view of the courts that a misrepresentation regarding automobile ownership is material to the risk assumed by the insurer. To the same effect, see 5A Am. Jur., Automobile Insurance, § 16, pages 19 and 20.

The identity of the ownership of an automobile sought to be insured goes to the heart of the contract itself. Plainly, one would not insure an automobile owned by A to be used for the purposes of A, and then be held to have insured an automobile owned jointly by A and B and used by A and B as co-owners for their joint and several purposes. It does not require an expert or a mathematician to show that an automobile jointly owned by father and son creates a greater risk of liability in its operation than a car owned by only one of them.

Proof of misrepresentation of a matter that goes to the heart of an insurance contract is, in itself, proof of a material matter that affects the risk assumed. For good reasons the determination of the materiality is not left to the jury but given to the court. *Continental Co. v. Lindsay*, 111 Va., *supra*, p. 393.

Where an applicant makes a representation that his automobile is to be used for pleasure and it subsequently develops that the car had been and was being used as a taxicab, there should be no difficulty in a court determining whether the representation was material to the risk. There should be no greater difficulty where it has been represented that an automobile is solely owned by one person, where-

as in fact it is owned by two persons, in determining that the misrepresentation of ownership was material to the risk.

The statement of the late Mr. Justice Holt, subsequently Chief Justice, in 155 Va., page 964, is an expression of a most distinguished jurist, and not mere dictum, because the falsity of representation in that case was the basis upon which the insurer asked to be relieved of liability. In the absence of the materiality of such falsity, there would have been no contest.

The materiality of the risk in this case stems from the misrepresentation shown by the evidence introduced by the insurance company. One would be surprised to learn that judges of courts of record in Virginia do not know, as men and judges, that premium rates for liability insurance differ as to the nature of the risk assumed, and that representations as to ownership, the character of the vehicle, or the purpose for which it is used, are material in fixing the rates.

State Farm in this case insured George Bower against loss by reason of his ownership, maintenance and operation of his automobile. It also insured persons operating the car with the permission of the named insured; but it did not insure other persons operating it with the consent of Robert Bower without the knowledge and consent of George Bower.

It seems to me that the Virginia cases cited herein show that where it clearly appears that the misrepresentation itself is material, no further proof is required. *Continental Co.* v. *Lindsay*, 111 Va., *supra.* I find no Virginia case to the contrary and none is cited from any other state with the specific facts here involved.

I would adhere to the principles heretofore followed, and where a misrepresentation has been shown, leave the determination of its materiality to the court.