**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARK WINSTON; JACQUELINE
DEVEREAUX,
Plaintiffs-Appellees,

v.                                                                No. 95-2705

STATE FARM FIRE AND CASUALTY
COMPANY,
Defendant-Appellant.

MARK WINSTON; JACQUELINE
DEVEREAUX,
Plaintiffs-Appellants,

v.                                                                No. 95-2783

STATE FARM FIRE AND CASUALTY
COMPANY,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-162-A)

Argued: June 6, 1996

Decided: September 5, 1996

Before ERVIN, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Reversed and remanded by unpublished opinion. Judge Ervin wrote
the opinion, in which Judge Niemeyer and Judge Hamilton joined.

**COUNSEL**

**ARGUED:** Stephen Anthony Horvath, TRICHILO, BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia, for Appellant. Kevin Roger Hildebeidel, STEPHEN K. CHRISTENSON, P.C., Fairfax, Virginia, for Appellees. **ON BRIEF:** Stephen K. Christenson, STEPHEN K. CHRISTENSON, P.C., Fairfax, Virginia; Donald E. Coulter, Manassas, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

State Farm appeals following a jury verdict in favor of Mark Winston and Jacqueline Devereaux, arguing that the district court erred when it allowed the jury to consider the issue of materiality and when it failed to instruct the jury on the meaning of "clear and convincing." Winston and Devereaux have cross-appealed, challenging the district court's refusal to submit the question of State Farm's good faith to the jury, as well as its instructions on the issues of arson and misrepresentation. For the reasons that follow, we reverse and remand for a new trial.

I.

Mark Winston and Jacqueline Devereaux, to whom we will refer as "Devereaux" for simplicity, own a house in Manassas, Virginia. The house burned on February 15, 1993, and Devereaux promptly sought to recover under a State Farm fire insurance policy. State Farm suspected arson and conducted an investigation. Devereaux claimed that she spent the evening of February 15 at her parents' home, and discovered the raging fire when she returned home. The home and its contents were almost totally destroyed.

State Farm retained a fire investigator, who concluded that the fire was caused by flammable liquids being poured into a wall register. The insurer's investigation also uncovered what it considered to be possible motives for Devereaux to set fire to the property: the house was in terrible condition, and Devereaux may have been having financial difficulties. State Farm could not confirm Devereaux's explanation of her whereabouts the night of the fire. It also contended that Devereaux had removed a number of valuables from the home prior to the fire, and inflated the values of some possessions in her insurance claim. State Farm denied Devereaux's claim.

Devereaux filed an action alleging bad-faith breach of contract in Virginia state court; State Farm filed a counterclaim seeking a declaration that the policy was void based on material misrepresentation and arson. State Farm also removed the action to federal court based on diversity of citizenship. At trial, the jury deliberated for about an hour, then returned a judgment in Devereaux's favor for $74,567.94. The district court denied State Farm's motion to set aside the verdict and denied Devereaux's motion for attorney's fees and prejudgment interest. The district court also denied State Farm's request for a declaratory judgment.

II.

A.

State Farm defended against Devereaux's claim of liability under the policy based, in part, on its contention that Devereaux made material misrepresentations in the course of its investigation. The policy contained the following provision:

> This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance whether before or after a loss.[1]

_____

[1] The Code of Virginia dictates that fire insurance policies contain the following provision:

> This entire policy shall be void, if whether before or after a loss, the insured has wilfully concealed or misrepresented any mate-

3

State Farm now contends that the district court should have decided the question of materiality, and erred by submitting the issue to the jury.

State Farm argues that Virginia law, which applies in this diversity action, dictates that materiality be decided by the court, not the jury. See Harrell v. North Carolina Mutual Life Ins. Co., 213 S.E.2d 792, 794 (Va. 1975); Old Republic Life Ins. Co. v. Bales, 195 S.E.2d 854, 856 (Va. 1973); Chitwood v. Prudential Ins. Co. of Am., 143 S.E.2d 915, 918 (Va. 1965); Scott v. State Farm, 118 S.E.2d 519-23 (Va. 1961)). The cases on which State Farm relies all involve the issue of materiality in the context of applications for insurance, not loss investigations. Our research has revealed no cases addressing whether the issue of materiality in the context of an insurer's loss investigation is an issue for the court or the jury.

Virginia's Model Jury Instructions define a "material fact" as "one which influences a person to act or not to act." Instr. No. 39.020 (1993, Civil Ed.).[2] A representation in the context of an insurance application is "material to the risk if it would reasonably influence the insurance company in deciding whether to issue the policy." Time Ins. Co. v. Bishop, 425 S.E.2d 489, 492 (Va. 1993). Similarly, material misrepresentations during loss investigations would reasonably influence the insurance company not to pay a submitted claim. Without specific guidance from the Virginia courts that loss investigations are different from applications for these purposes, we shall rely on the closest analogy, and rule that materiality in the context of a loss investigation is a question for the court. Therefore, the district court erred in submitting this issue to the jury.

_____

rial fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

Va. Code § 38.2-2105(A) (1994). Sections 38.2-2107 and 38.2-2108 allow provisions that deviate from the language prescribed by § 38.2-2105 provided they are at least as favorable as the standard provisions and approved by the Insurance Commission.

[2] We note that the Model Jury Instructions contain no instruction concerning the materiality of statements made during a loss investigation.

The jury found only that Devereaux made no material misrepresentations. We cannot now know whether the jury found that Devereaux made no misrepresentations, or found that she made misrepresentations that were immaterial. Thus we cannot find this error harmless.**3**

Furthermore, we reject Devereaux's contention that, even if it were error to submit the issue of materiality to the jury, State Farm invited this error by proposing the instructions used by the district court. State Farm's proposed instruction on the definition of materiality was submitted to the jury, but State Farm submitted this jury instruction only after the court declined to decide the issue of materiality. State Farm cannot now be faulted for so proceeding.

B.

State Farm argues that the district court should have instructed the jury on the definition of "clear and convincing" evidence. With minimal legal analysis, State Farm concludes that "[t]he probability that the jury held the defendant to a heightened standard of proof and the resultant prejudice to the defendant requires that the decision be overruled." Apparently State Farm believes that the jury considered "clear and convincing" to mean the same thing as "beyond a reasonable doubt." This argument is without merit. The district court explained to the jury that "clear and convincing evidence" is a higher standard than "preponderance of the evidence." We find no error, because "the charge [was] accurate on the law and [did] not confuse or mislead the jury." Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1294 (4th Cir. 1995).

_____

**3** In its subsequent order denying State Farm's motion to set aside the jury verdict, the district court stated that "the Court found the statements to be material when it sent the case to the jury." Joint Appendix at 297 (Order of Aug. 31, 1995). This suggests that State Farm may have prevailed had the jury simply found that Devereaux had in fact made misrepresentations. Still later, the court ruled that "the defendant State Farm has failed to show by a preponderance of the evidence that the plaintiffs misrepresented or concealed material facts." Joint Appendix at 299 (Order of September 20, 1995). But the court specifically stated that it was "guided by the jury's determination" that Devereaux had not misrepresented material facts. Thus, this ruling is not an accurate indication of how the district court would have ruled if it had considered the issue of materiality in the first instance.

5

III.

A.

Devereaux argues on cross-appeal that the trial court erred when it refused to submit the issue of State Farm's bad faith to the jury. She sought attorneys' fees under a Virginia statute:

> [I]n any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy or bond or the extent to which his insurer is liable for compensating a covered loss, the individual insured shall be entitled to recover from the insurer costs and such reasonable attorney fees as the court may award. However, these costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy.

Va. Code § 38.2-209(A) (1994). Devereaux argues that because the jury is the "court" for fact-finding purposes, the statute by its terms does not preclude submission of the issue to the jury; moreover, she argues, the Supreme Court of Virginia has tacitly approved jury consideration of an insurer's good faith. Brief of Appellee at 23-24 (citing State Farm Mut. Auto. Ins. Co. v. Floyd, 366 S.E.2d 93, 96 (Va. 1988)). Floyd, however, involved a common-law claim of bad faith failure to settle with a third party, not the statutory availability of attorneys fees in an action between insurer and insured.

The district court correctly concluded that the statutory reference to "court" did not mean "jury," and decided the issue itself. Devereaux's argument is counter-intuitive--"court" is not the same as "fact-finder"--and we cannot assume that the Virginia legislature chose the word "court" lightly.**4**  The district court did not err in refusing to submit this issue to the jury.

_____

**4** The previous version of this statute, § 38.1-32.1, specifically provided that an insured may recover "such reasonable attorney fees as the trial judge may award if it is determined by such trial judge in such case that the insurer has not in good faith either denied coverage or failed or refused to make payment to the insured under such policy." CUNA Mut. Ins. Soc. v. Norman, 375 S.E.2d 724, 726 (Va. 1989) (emphasis added).

6

Because the district court's determination that State Farm did not act in bad faith was a finding of fact, we review it for clear error. Fed. R. Civ. P. 52(a); Waters v. Gaston County, 57 F.3d 422, 425 (4th Cir. 1995). The Virginia Supreme Court has explained the inquiry to be used in determining whether a denial of insurance coverage has been made in good faith, noting that the proper standard is reasonableness. CUNA Mut. Ins. Soc. v. Norman, 375 S.E.2d 724, 727 (Va. 1989). Several of the non-exclusive factors offered by that court are at issue here, specifically, "whether the insurer had made a reasonable investigation of the facts and circumstances underlying the insured's claim; whether the evidence discovered reasonably supports a denial of liability; [and] whether it appears that the insurer's refusal to pay was used merely as a tool in settlement negotiations." Id. The district court here found,

> In the instant action, State Farm conducted an investigation of the facts and circumstances and, based on the incendiary nature of the fire and on several inconsistencies in Plaintiff Devereaux's statement as to her whereabouts at the time of the fire and in the claim forms that she filed, State Farm denied coverage. This Court finds that State Farm's decision to deny coverage was a reasonable action in light of its investigation and was not done in bad faith.

Joint Appendix at 298 (Order of August 31, 1995).

The district court's conclusions were not clearly erroneous. Devereaux has failed to convince this court that State Farm's investigation was not conducted in good faith based on the information available.

B.

Devereaux argues that if this court were to remand the case, it must consider the following errors, which she claims benefitted State Farm. She contends that the district court erred in instructing the jury that it could find that she made misrepresentations by the "greater weight of the evidence." Under Virginia law, fraud must be proven by clear and convincing evidence. Evaluation Research Corp. v. Alequin, 439 S.E.2d 387, 390 (Va. 1994). But misrepresentations in the insurance

7

application context--to which we again turn by way of analogy--are governed by Virginia Code § 38.2-309, providing that an insured's statements will not prevent recovery under the policy "unless it is <u>clearly</u> proved that such answer or statement was material to the risk when assumed and was untrue" (emphasis added). The Virginia Supreme Court has held that it was error for a trial court to require "clear, cogent, and convincing" evidence of fraud in an insurance application. <u>Old Republic Life Ins. Co. v. Bales</u>, 195 S.E.2d 854, 856-57 (Va. 1973).

Finally, Devereaux argues that the trial court erred when it instructed the jury that State Farm could prove that she set the fire by "showing clear and convincing evidence that the fire was incendiary in origin, that the insureds had the motive to set the fire and that the insureds had an opportunity to set the fire." She contends that this standard amounts to a presumption of guilt for homeowners whose homes burn--"[a]ny homeowner has access to their own property, and, according to the insurance company, has a motive: to obtain the insurance money." She also complains that the instruction was based on criminal arson cases. As State Farm points out, however, the standard in criminal cases is higher than civil cases, so this could not have prejudiced Devereaux. Furthermore, there was additional evidence of Devereaux's possible motive to set the fire--which went beyond a bare allegation that she wanted the insurance proceeds--including the fact that if she were to sell the house "as is" she would actually owe money.

In sum, Devereaux has not persuaded this court that there were errors in the jury charge.

IV.

Because the district court erred when it refused to decide the issue of materiality, this case must be remanded for retrial. However, we find no merit in the remaining assignments of error argued by either party.

<u>REVERSED AND REMANDED</u>

8